PEOPLE v. NEMETH.

1. CRIMINAL LAW—ARGUMENT OF COUNSEL—CURING ERROR.
    In prosecution for murder, prosecuting attorney's statements to jury, though unwarranted, *held*, not reversible error, where immediately corrected by trial court.

2. SAME—WITNESSES—EVIDENCE—ADMISSIBILITY OF EXTRAJUDICIAL STATEMENTS—IMPEACHMENT.
    In prosecution for murder, statements of deceased's wife, made at police headquarters after she and defendant had been arrested, *held*, admissible in evidence to refresh her recollection, for impeachment, and as bearing upon her credibility, and therefore reading them to jury was not error.

As to reversal of conviction because of unfair or irrelevant argument or statement of facts by prosecuting attorney, see annotation in 46 L. R. A. 641, 648; 38 L. R. A. (N. S.) 1130.

2. SAME—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
    In prosecution for murder, failure of trial court to charge, as
    requested, that extrajudicial statements of deceased's wife
    and daughter could be considered for purpose of impeachment
    only, and not as substantive proof of facts stated, or of
    defendant's guilt, *held*, reversible error.

Appeal from Recorder's Court of Detroit; Boyne (John A.), J. Submitted April 14, 1932. (Docket No. 166, Calendar No. 36,055.) Decided June 6, 1932.

Paul Nemeth was convicted of murder in the second degree. Reversed, and new trial granted.

*E. O. Kugel* and *O. K. Underwood,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Edmund E. Shepherd,* Assistant Prosecuting Attorney, for the people.

POTTER, J. Defendant, convicted of the murder (second degree) of Andrew Kalmar, appeals, claiming the prosecuting attorney erred in making inflammatory remarks to the jury, complaining of the prejudicial attitude of the prosecuting attorney, the court's failure to give defendant's requests to charge, error in the charge as given, failure of the trial court to file reasons for denial of a motion for a new trial, and erroneously permitting the prosecuting attorney to reread impeaching statements to the jury.

The deceased, Kalmar, wife and family lived at 8130 Vanderbilt avenue, Detroit. Defendant lived in another part of the same house. Deceased had been an inmate of the veterans' hospital at Battle Creek a greater part of the time for four years. He

became suspicious of defendant's attentions to his wife. On the night of his death he was in Detroit and went home. He and his wife had some altercation over defendant, who entered the home of deceased. Defendant became engaged in a quarrel with Kalmar, during which deceased was killed. Defendant and Mrs. Kalmar were arrested and taken to police headquarters. Both defendant and Mrs. Kalmar, while at police headquarters, gave statements as to what occurred on the night of the alleged murder. A daughter, Clara Kalmar, also made a statement. Three errors are relied upon for reversal: *First,* inflammatory remarks of the prosecuting attorney. *Second,* error in the refusal of the court to charge, and in the charge of the court. *Third,* failure of the court to file written findings in denial of defendant's motion for a new trial.

The first and second questions go to the merits of the trial. The third is a matter of procedure governing the disposition of a motion made after trial and conviction of defendant. The record shows the prosecuting attorney made unwarranted statements to the jury, but these were immediately corrected by the court, who was vigilant in an endeavor to prevent improper prejudice to defendant. We are constrained to hold that though these remarks were unwarranted, they do not constitute reversible error.

The statements of the wife, Mrs. Kalmar, made at police headquarters, were introduced in evidence to refresh her recollection, for impeachment, and as bearing upon her credibility. For these purposes they were admissible. The record shows these statements made at police headquarters were read to the jury. There was no error in reading them to the

jury. The statement of Clara Kalmar was offered for the same purposes, as to her testimony.

Defendant, by his counsel, requested the trial court to charge the jury, in relation to the extrajudicial statements of Anna Kalmar and Clara Kalmar, which had been offered and received in evidence, substantially, that,—

"This testimony cannot be considered by you as tending to prove the offense charged, that it can only be considered for the purpose of impeachment; this testimony is not substantive proof, that it is not original and competent proof of guilt of the accused and you have no right to consider it as testimony corroborative of substantive facts."

The trial court charged generally upon the question of admissions. Referring to these extrajudicial statements of the witnesses, the trial court, in his charge, said:

"The statements and the testimony, if you will recall, were contradictory. It is for you to determine what the true facts were. These statements were taken of eyewitnesses to the occurrence. Originally, they were admitted for the purpose of impeachment, that is, contradiction of witnesses. As to how much of those statements you will believe or how much of the testimony of any witness, who took the stand, how much of it you will believe, is up to you. You may believe any part of it, none of it, or all of it. That is up to you, and it is up to you to determine which part of any statement you will believe and which part you will not believe. 　*　*　* I will make some comment on the testimony later on and instruct you with respect to it."

Later the court charged:

"It is your duty, members of the jury, to determine what happened from the evidence that you

have heard here in this case. You have heard part of it from the witness stand and part of it contradicted in the statements of the witnesses, and you will determine it from all of these things; just what happened on that day at that place and at that time."

At the conclusion of the charge, the court said:

"Counsel for the defendant has presented certain requests to charge. Have you gone over them, Mr. Kamman?

"*Mr. Kamman:* I just glanced at them roughly, your honor. I think they are covered in your charge already.

"*The Court:* That is my opinion, too, that they are covered in my general charge. So I will not read the requests to charge which are covered, in my opinion, in my general charge, and for that reason, they will not be given. Anything further?

"*Mr. Kugel:* No, your honor.

"*The Court:* Swear an officer."

In *People* v. *Elco,* 131 Mich. 519, 520, 523, the court upon rehearing divided upon the admissibility of the contradictory statements of a hostile witness, whom the law compelled the people to call, for the purpose of affecting the credibility of the witness. A majority of the court held such testimony was admissible for the purpose indicated.

A similar question was before the court in *People* v. *Miner,* 138 Mich. 290. It was indicated that a majority of the court, in *People* v. *Elco, supra,* had held where a witness whom the people were bound to produce had made prior statements contradictory to those made upon the trial, such prior statements could be introduced to impeach her testimony.

In *People* v. *Nichols,* 159 Mich. 355, the court said, of similar testimony, it was not competent evidence

for the people, and could properly be used by the defendant, only by way of impeachment.

In *People* v. *Ayers,* 186 Mich. 366, it was said:

"The question is raised whether the affidavit made by the girl, Mabel, before the warrant issued, and her testimony upon the former trial, could be received as substantive evidence of the guilt of the accused. This question has been before this court, and it has been distinctly ruled that such statements, or testimony, are not admissible as substantive proof for the purpose of convicting the accused, and that they are only competent for purposes of impeachment of the witness."

In *People* v. *Hill,* 236 Mich. 672, objection was made by defendant to the ruling of the trial court which permitted the prosecution to cross-examine witnesses relative to contradictory statements previously made to the prosecuting attorney and to read such statements in evidence. The witnesses were eyewitnesses to the crime and participated in it. They had confessed their part and were serving sentence. It is said:

"It was the duty of the prosecuting attorney to call them as witnesses. He did so. It quickly appeared that they were hostile to the people's case and throughout their testimony constantly sought to shield the defendant. This gave the prosecuting attorney the right to cross-examine them as to statements they had previously made to him in which each had related the material facts of the crime and involved the defendant as a leading participant. The court permitted this course to be followed, instructing the jury that the testimony was solely for the purpose of impeachment, and could not be considered by them as substantive proof of the defendant's guilt."

The court charged:

"The jury will understand that all of this proof—all of this testimony is simply for the purpose of impeachment. It is not proof against this respondent, not substantive proof. It is introduced and received by the court for the purpose of impeachment of hostile witnesses."

It was held it was not improper or prejudicial use made of the contradictory statements of the witnesses, and the court did not err in receiving them in evidence.

The only place these extrajudicial statements, introduced for impeachment, were directly referred to, in the charge of the trial court, was when it was said: "Originally, they were admitted for the purpose of impeachment, that is, contradiction of witnesses." The trial court did not say such statements were not substantive evidence of the facts stated therein, or of the guilt of defendant, or that they could be used only for the purpose of impeachment, or to affect the credibility of the witnesses. The trial court's attention was directly challenged to the limitation on the use of this testimony, by the several requests of defendant. Under all the authorities, defendant was entitled to have the substance of these requests covered. Had they been properly covered, a different result might have been reached. For this error conviction is reversed. New trial granted.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.