PEOPLE *v*. EAGGER.

1. CRIMINAL LAW—EVIDENCE—IMPEACHMENT—CREDIBILITY OF WITNESS.

   The sole purpose of impeachment is to vitiate credibility of a witness and evidence introduced for such purpose must be limited to such use.

2. SAME—IMPEACHMENT—EXTRAJUDICIAL STATEMENT.

   Evidence introduced for the purpose of impeachment of a witness must be clearly limited to that purpose so that the unsworn extrajudicial statements made by a witness may not be used to convict a defendant.

3. SAME—TRIAL—INSTRUCTIONS.

   Failure of a trial court in a criminal case to charge, whether requested or not, that extrajudicial statements of a *res gestae* witness could be considered for purpose of impeachment only, and not as substantive evidence *held*, reversible error.

4. SAME — INSTRUCTIONS — EXTRAJUDICIAL STATEMENTS — IMPEACHMENT — NOT SUBSTANTIVE EVIDENCE.

   Failure of trial court in prosecution for breaking and entering in the nighttime with the intent to commit larceny and for larceny in a building to charge the jury that an extrajudicial statement of a *res gestae* witness introduced into evidence by the people for the purpose of impeachment of the witness could not be considered as substantive evidence *held*, reversible error, where Court of Appeals cannot say what the jury would have found without the prior statement (CL 1948, §§ 750.110, 750-.360).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 674.
[2] 53 Am Jur, Trial § 670.
[3] 53 Am Jur, Trial § 780.
[4] 53 Am Jur, Trial §§ 670, 780.
[5] 20 Am Jur 2d, Courts §§ 25, 28.
   5 Am Jur 2d, Appeal and Error §§ 702, 703.

5. SAME—COURT OF APPEALS.
    The Court of Appeals does not constitute a reviewing jury and
        does not hear cases anew upon the evidence presented in a
        criminal case.

Appeal from Recorder's Court; Pugsley (Earl C.), J., retiree, presiding.   Submitted Division 1 March 9, 1966, at Detroit.   (Docket No. 500.)   Decided October 11, 1966.

Frank Eagger, Jr., was convicted of breaking and entering a business place in the nighttime with intent to commit larceny and larceny in a building. Defendant appeals.   Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Michael J. Kelly,* for defendant.

T. G. KAVANAGH, J.   Although the late Judge WATTS heard oral arguments on the above matter, he took no part in the decision in this case.

On October 14, 1964, the defendant was convicted by a jury in the recorder's court of the city of Detroit on two counts of an information charging breaking and entering a business place in the nighttime with intent to commit larceny[1] and larceny in a building.[2]   He was sentenced to prison on the first count and sentence on the second count was suspended.

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).
[2] CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

During the trial, the prosecution introduced the testimony of four police officers, the owner of the store which was allegedly broken into by the defendant, and Sandra Griggs, who was with the defendant when apprehended by the police. She was indorsed on the information and was called by the prosecution as a *res gestae* witness.

The testimony of Sandra Griggs at the trial differed from a prior signed statement which she had given to the police. The prosecutor introduced her prior statement into evidence for impeachment purposes. Defense counsel objected to its admission on the ground that a proper foundation was not laid. The court permitted a foundation to be laid and then admitted the statement. Defense counsel made no further objection relative to impeachment of the witness, nor did he later request the court to specifically instruct the jury regarding the impeachment material.

Defendant asserts that the trial court erred in failing to instruct the jury that the prior statement and testimony relating thereto was allowed solely for the purpose of impeachment and not as substantive evidence.

The sole purpose of impeachment is to vitiate a witness' credibility and evidence introduced for such purpose must be limited to that.

"The danger in any case is that not the sworn testimony given in court, but the unsworn extrajudicial statements made by a witness may be used to convict a respondent." *People* v. *Lahnala* (1916), 193 Mich 144 at 162.

It is error for the trial court to refuse a request for instruction to the effect that an impeaching statement may be used only for impeachment and not as substantive evidence. *People* v. *Nemeth* (1932), 258 Mich 682. Indeed it is not even neces-

sary to request it. See *People* v. *Durkee* (1963), 369 Mich 618 wherein the court said at page 627:

"The instruction did not caution the jury that Sharon Kaufman's testimony in respect to her statement given at the hospital could not be considered as substantive evidence, and it is not only possible but probable, that the jury considered the statement as substantive evidence of the guilt or innocence of the accused.

"Under this record we conclude that reversible error was committed."

Such is the case at bar. Sandra Griggs was the only witness offered by the prosecution to connect the defendant, Frank Eagger, Jr., directly with the alleged breaking and entering. The jury was allowed the unrestrained application of her prior statement positively identifying the defendant. No cautionary instruction on the use of this statement was given.

Appellee urges that the jury had sufficient information without the prior statement to find defendant guilty beyond a reasonable doubt.

We cannot say what the jury would have found without the prior statement, since we do not constitute a reviewing jury and do not hear cases anew upon the evidence. *People* v. *Werner* (1923), 225 Mich 18, and *People* v. *McKernan* (1926), 236 Mich 226.

In view of our holding on this point we do not discuss the other allegations of error.

Reversed and remanded for a new trial.

LESINSKI, C. J., concurred.