PEOPLE *v.* PENA.

1. Criminal Law—Trial—Intimidation of Alibi Witnesses—Conduct of Prosecutor—Quotation of Statutes.

    Letters of assistant prosecuting attorney to alibi witnesses of defendant prior to trial which quoted statutory law of perjury, *held*, not unfairly to have prejudiced the trial, since letters contained no threats and defendant has not shown any other evidence of a possible scheme to intimidate defendant's witnesses (CL 1948, § 750.442).

2. Same—Narcotics—Argument of Prosecuting Attorney—Objections—Questions Reviewable—Appeal and Error.

    Remarks of assistant prosecuting attorney in opening and closing addresses to jury at trial of defendant for crime of selling narcotic drugs as a non licensee, alleged to have been so prejudicial in ascribing to defendant a previous history in drug traffic and in comparing defendant's mother, an alibi witness, with mother of infamous Lee Harvey Oswald, that defendant did not have a fair trial, *held*, not open for consideration on appeal, where defense counsel failed to object thereto at trial (CLS 1961, § 335.152).

---

References for Points in Headnotes
[1]  21 Am Jur 2d, Criminal Law § 234 *et seq.*
[2]  5 Am Jur 2d, Appeal and Error § 624 *et seq.*
[3]  53 Am Jur, Trial § 505.
[4]  58 Am Jur, Witnesses § 792 *et seq.*
[5]  53 Am Jur, Trial § 780.
      5 Am Jur 2d, Appeal and Error §§ 772, 884.
[6, 7]  5 Am Jur 2d, Appeal and Error §§ 821, 838.
[8]  42 Am Jur, Prosecuting Attorneys § 20.

3. SAME—NARCOTICS—ARGUMENT OF PROSECUTING ATTORNEY—OB-
JECTIONS—EXTINGUISHMENT OF ERROR.

Error in remark of assistant prosecuting attorney in final argu-
ment to jury which posed rhetorical question to jury as to
how many sales of narcotics defendant may have made be-
tween date of offense and date of arrest, *held,* extinguished,
where defense counsel's objection to the remark was sustained
by the trial judge (CLS 1961, § 335.152).

4. SAME—EVIDENCE—WITNESSES—RES GESTAE—IMPEACHMENT—AP-
PEAL AND ERROR.

Amendment of information to include defendant's sister, as *res
gestae* witness, who had previously been listed as defendant's
alibi witness but not called, and to permit prosecutor to im-
peach her with testimony of a prior inconsistent statement,
*held,* not error, where the court, at the request of defense
counsel, instructed jury not to consider the prior inconsistent
statement as evidence of the whereabouts of the defendant at
the time of the alleged sale, but only for the purpose of
impeachment, and the prosecutor had reason to believe de-
fendant's sister was present at the time of the sale in defend-
ant's home where the alleged sale of narcotics took place
(CLS 1961, § 335.152; CL 1948, § 767.40a).

5. SAME — WITNESSES — RES GESTAE — IMPEACHMENT — INSTRUC-
TIONS — DISCRETION OF COURT — APPEAL AND ERROR.

Impeachment of *res gestae* witness by prosecutor by use of prior
inconsistent statement, where the court gave the jury the proper
cautionary instruction as to the purpose of the statement, was
within the permissible bounds of the trial court's discretion
(CL 1948, § 767.40a).

6. SAME—ILLEGAL SALE OF NARCOTICS—EVIDENCE.

Verdict of guilty of illegal sale of narcotics *held,* supported by
record which reveals ample evidence which, if believed, is
sufficient to support a finding of guilty beyond a reasonable
doubt (CLS 1961, § 335.152).

7. SAME—ILLEGAL SALE OF NARCOTICS.

Verdict of guilty of illegal sale of narcotics *held,* to be supported
by sufficient evidence to support a finding of guilty beyond a
reasonable doubt, where conflicting testimony clearly presented
questions of fact for jury determination (CLS 1961, § 335.152).

8. JUDGMENT—FAIR TRIAL—CRIMINAL LAW—OVERZEALOUS PROSECU-
TOR.

Judgment of circuit court in prosecution for violation of statute
licensing sale of narcotics is affirmed, where trial judge ex-

ercised sound judgment in affording the defendant a fair trial, even though an examination of the record clearly shows that the assistant prosecuting attorney was overzealous in his efforts to convict the defendant (CLS 1961, § 335.152).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 December 7, 1965, at Lansing. (Docket No. 76.) Decided April 26, 1966. Application for leave to appeal filed in Supreme Court April 19, 1968.

Ramon Pena was convicted of selling narcotics without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Bruce J. Scorsone,* Chief Assistant Prosecuting Attorney, for the people.

*O'Keefe, Braun, Kendrick & Finkbeiner (Larry C. Carl,* of counsel), for defendant.

McGregor, J. Defendant Pena appeals his conviction by a circuit court jury of the crime of selling narcotic drugs as a nonlicensee.[1] He was subsequently sentenced to prison for a term of 20 to 25 years.

The defendant contends that he was deprived of a fair trial because the assistant prosecuting attorney sent the following letter to each of the defendant's three alibi witnesses:

"Dear Madam:

In the interests of justice I am quoting CL 1948, § 750.442 (Stat Ann 1954 Rev § 28.664), which provides as follows:

" 'Any person who, being lawfully required to depose truth in any proceeding in a court of justice, shall commit perjury shall be guilty of a felony, punishable, if such perjury was committed on the

---

[1] CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122).—Reporter.

trial of an indictment for a capital crime, by imprisonment in the State prison for life, or any term of years, and if committed in any other case, by imprisonment in the State prison for not more than 15 years.'

Very truly yours,<br>
G. E. THICK<br>
Assistant Prosecuting Attorney"

This Court declines to hold that the sending of the above letter to the defendant's alibi witnesses unfairly prejudiced the trial because the letter itself contains no threats and the defendant has not shown any other evidence of a possible scheme to intimidate the defendant's witnesses.

Secondly, the defendant contends that there was prejudicial error in certain remarks the assistant prosecuting attorney made to the jury. In his opening remarks, the assistant prosecutor stated that the police had information that the defendant Pena was in the narcotics business even before the transaction for which the defendant was herein tried. In his closing argument to the jury, the assistant prosecutor lodged an acrimonious imputation of bias on the part of the defendant's mother, who testified as an alibi witness, by comparing her to the mother of Lee Harvey Oswald, who publicly has maintained her son's innocence in spite of all the evidence to the contrary. This Court will not consider any allegations of error in these two remarks since defense counsel failed to object to them at trial. *People* v. *Zesk* (1944), 309 Mich 129. *People* v. *Goldberg* (1929), 248 Mich 553. Also, during his final argument the assistant prosecutor posed the rhetorical question to the jury that he wondered how many other sales of narcotics the defendant had made during the 41 days between the day the alleged offense occurred and the date of the defendant's arrest. Since the defense counsel's objection to this re-

mark was sustained by the trial judge, the error was extinguished.

Thirdly, the defendant contends that it was error for the prosecution to call the defendant's sister as a *res gestae* witness at the end of the defendant's case and then to impeach her with testimony of a prior inconsistent statement.[2] Before trial, defendant's counsel had notified the prosecution that the defendant's sister was claimed as an alibi witness. Since the counsel for the defendant chose not to call her as a witness at trial, after the defendant rested, the prosecution moved to amend the information to include her as a *res gestae* witness. The motion was granted over the defendant's objection. The defendant's sister was then called as a witness for the people. On direct examination she testified that she was living with her brother, the defendant, on the date of the alleged narcotics sale but that she could not recall her whereabouts on that particular day. Upon her denial of any prior inconsistent statements, the prosecution called a witness who testified that he was present when the defendant's sister told the assistant prosecuting attorney that she was home with her brother, the defendant, at the time and place of the alleged narcotics sale. At the request of the defendant's counsel, the court instructed the jury that they were not to consider the prior inconsistent statement as evidence of the whereabouts of the defendant but only for the purpose of impeachment. Since the assistant prosecuting attorney had reason to believe that the defendant's sister was present in the defendant's home where the alleged sale of narcotics took place, at the time of such sale, this Court finds no error in allowing the defendant's sister to be called as a *res gestae* witness. The impeachment of this witness, coupled

---

2 CL 1948, § 767.40a (Stat Ann 1954 Rev § 28.980[1]).—REPORTER.

with the proper cautionary instruction, was within the permissible bounds of the trial court's discretion. *People* v. *Burnstein* (1933), 261 Mich 534.

Lastly, defendant contends that the evidence is insufficient to support a finding of guilty beyond a reasonable doubt. The conflicting testimony in the instant case clearly presented questions of fact for jury determination. An examination of the record reveals ample evidence which, if believed, is sufficient to support a finding of guilty beyond a reasonable doubt. *People* v. *Floyd* (1966), 2 Mich App 168.

An examination of the record in this case clearly shows that the assistant prosecutor was overzealous in his efforts to convict the defendant. However, the trial judge exercised sound judgment in affording the defendant a fair trial.

The judgment of the circuit court is affirmed.

LESINSKI, C. J., and QUINN, J., concurred.