### PEOPLE *v.* DANLES

CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—PROSECUTION
—IMPEACHMENT OF OWN WITNESS—PRIOR TESTIMONY.

> Failure of trial judge to caution jury that testimony given by
> *res gestae* witnesses at prior proceedings could be considered
> only for impeachment purposes and not as substantive evidence
> *held*, reversible error, even though such an instruction was
> not requested by defense counsel.

Appeal from Berrien, Zick (Karl F.), J. Submitted Division 3 January 7, 1969, at Grand Rapids. (Docket No. 4,060.) Decided January 28, 1969.

Elmer Ray Danles was convicted of breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *John T. Hammond*, Prosecuting Attorney, and *Tat Parish*, Assistant Prosecuting Attorney, for the people.

*Wilbur Schillinger*, for defendant on appeal.

PER CURIAM. Defendant, Elmer Danles, was convicted in a jury trial of the crime of breaking and entering the Trinity Lutheran Church of Berrien

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses §§ 792, 795.

Springs, Michigan, with the intent to commit a lar-
ceny therein, under CL 1948, § 750.110 as amended
by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28-
.305). Elmer Danles was one of supposedly three
participants in the crime.

During the course of the defendant's trial, the
prosecution called two res gestae witnesses to tes-
tify to the defendant's presence at the scene of the
crime. The witnesses, George Payne and Joe B.
Ferguson, were alleged accomplices to the crime.
George Payne had been convicted of the same crime
and Joe B. Ferguson, in the course of his testimony,
admitted his participation in the breaking and en-
tering of the church. Each testified that the defend-
ant, Elmer Danles, neither participated in, nor was
a party to, the breaking and entering for which he
was being tried.

The prosecution at this point questioned each of
the two witnesses as to prior out-of-court statements
made by them both orally and written, whereupon
each admitted that he had in his out-of-court state-
ment implicated the defendant as being a participant
in the crime. Defense counsel did not object to this
procedure, nor did he request that a precautionary
instruction to the jury be made regarding the proba-
tive value of the out-of-court declarations.

The prosecution introduced a number of other
witnesses including the arresting officer, Lee Spen-
cer, the investigating officer, Victor Stover, and the
expert testimony of a representative of the Michigan
State Police Crime Detection Laboratory, Kenard
Christensen. These witnesses testified as to the
authenticity of footprints taken from the scene of
the crime and their relationship to a pair of boots
owned by the defendant. In addition, testimony was
received that identified an envelope, which was dis-
covered in the automobile in which the defendant

was riding at the time of arrest, as one which came from the church safe and was missing as a result of the robbery.

The defense offered evidence in an attempt to establish an alibi for the defendant. The defendant's mother and father, Gracie and Selmer Lee Danles respectively, testified that Elmer Danles was with them at the time the crime was committed.

In addition, through cross-examination and direct testimony of the defendant, counsel for the defendant attempted to demonstrate that the boots of the defendant, which were identified as having made the footprints found at the scene of the crime, were not in the defendant's possession at the time the crime was committed.

After all of the evidence was in the trial judge submitted the charges and instructions to the jury. Proper instructions regarding the asserted alibi of the defense were given. No special instructions were requested or given with respect to the probative value of the testimony and examination arising out of the prior inconsistent statements of the two prosecution witnesses, George Payne and Joe B. Ferguson. Defendant was sentenced to a prison term of 5 to 10 years and appeals.

Defendant asserts on appeal that the prosecution could not legally "impeach" its own witnesses, 2 alleged accomplices, by introducing extra-judicial statements made by them to police officers during questioning at jail. These 2 witnesses were *res gestae* witnesses. The court properly allowed the prosecuting attorney to impeach the alleged accomplices, *res gestae* witnesses; however, such prior inconsistent statements may only be considered by the jury for the purpose of testing credibility, and not as substantive evidence to prove the guilt of the defendant.

The court's instruction in respect to the weight to be given to the testimony of the various witnesses is as follows:

"I further charge you, members of the jury, that the weight and credit to be given to the testimony of any witness in this case is entirely your decision. You should take into consideration the witness' interest or lack of interest in the result of the case, if any; and the witness' conduct and demeanor while testifying; the apparent fairness or bias, if such appears; the opportunity for seeing or knowing the things about which the witness testifies; the reasonableness or unreasonableness of the witness' story; the probability or improbability of the witness' story. See, we get into probabilities. And also other evidence, facts and circumstances shown by the evidence tending to corroborate or contradict such witness, if any such corroboration or contradiction appears. It is for you to say, members of the jury, after a careful examination and consideration of all the evidence in this case, what weight and credit you give to the testimony of any witness.

"Further, members of the jury, I charge you, in this case if there be any conflict in the testimony of any witness, it is your duty to reconcile such conflict, if you can do so, because every witness is presumed to have endeavored to tell the truth. You are not justified for slight or trivial reasons in believing that any witness has knowingly or willfully testified falsely. However, if you find that you cannot reconcile any conflict in the testimony of witnesses on this basis, then it is your duty to determine the testimony you believe to be true and to base your verdict upon the truthful testimony and to disregard the other."

This instruction failed to caution the jury that the *res gestae* witnesses' testimony in respect to their statements given at the jail could not be considered

as substantive evidence. *People* v. *Durkee* (1963), 369 Mich 618.

In *People* v. *Eagger* (1966), 4 Mich App 449, we held that such a cautionary instruction must be given, even though not requested by defense counsel, and we reiterate what we there said on page 452:

"We cannot say what the jury would have found without the prior statement, since we do not constitute a reviewing jury and do not hear cases anew upon the evidence. *People* v. *Werner* (1923), 225 Mich 18, and *People* v. *McKernan* (1926), 236 Mich 226."

Reversed and remanded for new trial.

LEVIN, P. J., and HOLBROOK and DANHOF, JJ., concurred.