PEOPLE v. REDMAN

PEOPLE v. TONEY

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—DUTY TO CALL.

The people are obliged to call all *res gestae* witnesses in trying a criminal case (CLS 1961, § 767.40).

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—EXAMINATION BY PROSECUTION—PRIOR STATEMENTS.

The prosecution may use prior statements in an attempt to refresh the recollection of a *res gestae* witness (CL 1948, § 767.40).

3. CRIMINAL LAW—TRIAL—INSTRUCTIONS TO JURY—FAILURE TO OBJECT.

The trial court is under a positive duty to give the jury a correct charge as to the law in a criminal case, and failure to do so may warrant reversal even though the defense failed to object to the charge or to offer an alternative.

4. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—PRIOR STATEMENT—INSTRUCTIONS TO JURY.

Trial court's instruction to jury that a prior statement made by a *res gestae* witness may be considered as substantive evidence if the witness said on the stand that if he or she made such a statement it was true, while unclear itself, was not clearly contradictory, and the charge when read as a whole did not constitute an erroneous statement of the law.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 3.
[2] 58 Am Jur, Witnesses §§ 584–590.
[3] 58 Am Jur, Trial § 511.
[4] 58 Am Jur, Witnesses §§ 607, 608.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 May 14, 1969, at Detroit. (Docket No. 4,373.) Decided June 23, 1969.

Milton Redman and Robert Toney were convicted of statutory rape. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Alfred Condino,* for defendants on appeal.

BEFORE: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

PER CURIAM. The defendants were tried and convicted of the crime of feloniously assaulting and carnally knowing a female child under the age of 16 years, MCLA § 750.520 (Stat Ann 1962 Rev § 28.788). Defendants contend that the court improperly charged the jury as to prior contradictory extra-judicial statements being substantive trial testimony and as to the people's witnesses being declared hostile. A review of the trial court's instructions reveals no reversible error.

The testimony of the prosecutrix and her mother, along with that of a medical witness, was sufficient to establish the essential elements of the crime and identify the defendants. The people were obliged to call three other witnesses as *res gestae* witnesses under *People* v. *Kayne* (1934), 268 Mich 186, 194; CLS 1961, § 767.40 (Stat Ann 1969 Cum Supp

§ 28.980). Furthermore, even though the three witnesses could not add anything to the testimony of the prosecutrix as far as establishing the guilt of the defendants was concerned, it is just as necessary to protect the interest of the people in convicting the guilty as it is to protect the accused from false accusation. They were properly called. *People v. Durkee* (1963), 369 Mich 618, 624.

All three of the *res gestae* witnesses had given statements with regard to the crime 4 days after its alleged occurrence. On the stand some inconsistencies developed between the testimony of two of the witnesses and their prior statements.

After laying a proper foundation as directed by *People v. Thomas* (1960), 359 Mich 251, the prosecutor was allowed to use the prior statements to attempt to refresh the recollection of the two witnesses. Also see MCLA § 767.40a (Stat Ann 1954 Rev § 28.980[1]) concerning the impeachment of *res gestae* witnesses the people are obliged to call; *People v. Jones* (1965), 1 Mich App 633; *People v. Pena* (1966), 3 Mich App 26; *People v. Pope* (1967), 8 Mich App 231.[1] We find no error in the procedures that were followed.

The defendants claim that the trial judge erred in his instruction as to the use of the prior inconsistent statements. The trial judge said:

"The prosecutor is compelled in a crime of violence to put on the stand all eyewitnesses to the

---

[1] The holding in a recent case decided by this Court, *People v. Virgil Brown* (1969), 15 Mich App 600, which discusses impeachment of *res gestae* witnesses at length, is not applicable here as the witness in that case could not remember making the statement whereas the 2 witnesses in this case recalled making the prior statements. For the same reason *People v. Durkee, supra,* is distinguishable; in that case at the trial the witness claimed she had no recollection of the occurrence concerning which it was claimed she had given a statement.

crime who are available. He is not however bound to accept the testimony of such witnesses if contradictory to former testimony or former statements without attempting to bring out the fact that it is contradictory.

"However I must warn you that all of this proof, the former testimony, that is the testimony of the witness Wilma Brinkley and Stephanie Shirley, if you find they gave it, or statements made, is simply permitted for the purpose of impeachment, or whatever effect it may have in your minds when judging the credibility of the particular witnesses. It is not to be considered as substant [*sic*] proof against defendants here. It is produced and received by the court for the purpose and only for the purpose of impeaching a State witness who is hostile to the State. However, if you find that any witness who made a prior contradictory statement—answer or statement, stated at the trial, that if he or she said it was true, then prior contradictory answer does become substant [*sic*] trial testimony as I have explained before."

Since "the sole purpose of impeachment is to vitiate a witness' credibility," (*People* v. *Eagger* [1966], 4 Mich App 449, 451), it would have been error for the trial judge not to instruct the jury as to the limitation on the use of prior statements. It does not matter in a situation like this that the defense failed to object to the charge or offer an alternate. The court is under a positive duty to give a correct charge as to the law. *People* v. *Guillett* (1955), 342 Mich 1.

The trial court here properly instructed the jury as to the law on the impeachment of *res gestae* witnesses. The instruction, while unclear in itself, is not clearly contradictory and when read as a whole

does not constitute an erroneous statement of the law.[2]

"Jury instructions in a criminal case must be read in their entirety in order to determine whether prejudicial error was present. *People* v. *Smith* (1966), 3 Mich App 614; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519. The charge when read as a whole properly instructed the jury and there was no reversible error." *People* v. *Barrow* (1969), 17 Mich App 624.

The other alleged errors do not merit discussion. After a careful review of the record and issues on appeal we find no reversible error.

Affirmed.

---

[2] Even if the instruction was in error, we consider that under the facts of this case, "that any instructional error did not contribute to the defendant's conviction" and was therefore harmless error. *People* v. *Wichman* (1968), 15 Mich App 110, 117.