PEOPLE *v.* VIRGIL BROWN

1. WITNESSES—CRIMINAL LAW—EVIDENCE—TESTIMONY—PAST MEM-
ORY REFRESHED—PRIOR STATEMENTS.
    A prior statement by a witness may be used to refresh his mem-
    ory before he testifies to it if in fact it refreshes his recollection.

2. CRIMINAL LAW—EVIDENCE—INSTRUCTIONS TO JURY—FAILURE TO
OBJECT.
    The Court of Appeals will not find error in failure to instruct
    the jury that previous inconsistent statements of a witness
    affected only his credibility and were not substantive evi-
    dence where defendant neither requested such an instruction
    nor objected to the instructions as given (GCR 1963, 516.2).

3. CRIMINAL LAW—SENTENCE—NEW TRIAL—HIGHER SENTENCE.
    Lengthier sentence imposed upon a defendant after a new trial
    requires that factual data upon which the more severe sen-
    tence is based be made part of the record and such an in-
    creased sentence must be based on identifiable conduct of
    the defendant occurring after the time of the original sen-
    tence proceeding; thus, where a defendant, convicted of
    armed robbery and sentenced to 10–30 years' imprisonment,
    appealed his conviction, was awarded a new trial, and upon
    conviction at the second trial was sentenced to 15–30 years'
    imprisonment, the new sentence was justified where the rec-
    ord showed that the basis for it was the defendant's perjury
    during the second trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 596.
Refreshment of recollection by use of memoranda or other.    82
    ALR2d 473.
[2] 53 Am Jur, Trial §§ 513, 670.
5 Am Jur 2d, Appeal and Error §§ 623, 891.
[3] 21 Am Jur 2d, Criminal Law §§ 212, 569.
Propriety of increased punishment on new trial for same offense.
    12 ALR3d 978.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 November 10, 1970, at Lansing. (Docket No. 7,859.)   Decided December 1, 1970.

Virgil Brown was convicted of armed robbery. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*James Kay Sutherland, Jr.,* for defendant on appeal.

Before:   QUINN, P. J., and DANHOF and CARROLL,[*] JJ.

CARROLL, J.   Defendant is appealing a second conviction of robbery armed.   MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).   The alleged crime took place in October of 1964 when a grocery store owned by one Victor Dipzinski was robbed by two men.   After a jury trial, defendant was convicted and sentenced to a term of 10 to 30 years.   Defendant appealed.   This Court reversed.   *People v. Virgil Brown* (1969), 15 Mich App 600.   After a second jury trial, defendant was again convicted and sentenced to a term of 15 to 30 years.   He now appeals raising the following allegations of error:·

1. Whether certain of the people's witnesses testified from refreshed recollection or from materials they had read?

2. Whether the trial court committed error by failing to instruct the jury that prior inconsistent

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

statements could be considered only in reference to a witness' credibility and were not substantive evidence when no such instruction has been requested?

3. Whether it was error to sentence defendant to a term of 15 to 30 years after a second trial when his original sentence was 10 to 30 years?

1. Defendant contends that two witnesses, Victor Dipzinski and Herbert Doan, the police officer in charge, did not testify from present memory that had been refreshed but rather testified from the transcript of the first trial and certain notes that had been made at an earlier time.

Victor Dipzinski testified in part as follows:

"*Q.* And, you are testifying today completely from your memory?

"*A.* Yes—well, no, I read it—I read the case.

"*Q.* Which case?

"*A.* When the original trial was, I read the case over again.

"*Q.* And, where did you have access to this? Who gave you access to it?

"*A.* Well, it was brought in the hallway here, for here, when I was here last week for this trial.

"*Q.* And you read through your testimony?

"*A.* Yes.

"*Q.* So, you are not testifying from your memory?

"*A.* Well, it would be from my memory too. Sometimes we have to have our memory refreshed in some of these things."

Officer Herbert Doan testified in part as follows:

"*Q.* The trial transcript that you referred to, at the time that you made those statements, were those statements fresh in your mind?

"*A.* The original time, sir?

"*Q.* Yes.

"*A.* Yes, sir.

"*Q.* And, did reading over those trial notes refresh your memory?

"*A.* Yes."

It is settled law that a prior statement by a witness to refresh his memory before he takes the stand may be used by that witness if it does, in fact, refresh his recollection. *People* v. *Landrum* (1968), 14 Mich App 237; Wigmore, Evidence (3d ed), § 758, p 100. We find this assignment of error without merit.

2. Defendant claims the trial court erred in not instructing the jury that previous inconsistent statements of a witness affected only his credibility and were not substantive evidence. Counsel for defendant did not request such instruction and did not object to the instructions as given.

Witness McDaniel testified for the defendant. He testified at trial that he had committed the robbery and that defendant was not with him. On cross-examination he testified that at the preliminary examination he had testified that he and defendant had robbed the store. He also testified that at the first trial he gave testimony that he had lost his memory after he received a sentence of not less than 20 nor more than 30 years.

In *Brown, supra,* (this case on first appeal) objection was timely made after which the court did not instruct the jury in trial or in its charge that the use of the preliminary examination testimony was for impeachment purposes and could not be used as substantive evidence. No request for instruction having been made on this alleged error and no objection to the instructions as given having been made, this Court will not find error in failure to so instruct, GCR 1963, 516.2.

3. The Supreme Court of the United States considered this question in *North Carolina* v. *Pearce*

(1969), 395 US 711 (89 S Ct 2072, 23 L Ed 2d 656). The Supreme Court said:

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The trial court clearly set forth the reason for the increased sentence. The intervening factor which justified imposition of a lengthier sentence was the acknowledged perjury committed at the second trial by defendant. The trial judge made it crystal clear that the reason for the lengthier sentence was not in any way connected with defendant's prior appeal. The judge stated in part as follows:

"There are new factors, Mr. Brown, your commission, I believe, of the crime of perjury upon this stand, or your misstatement made to me in a probation report. Somewheres along the line, you just 'ain't tellin' the truth."

This falls within the "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" referred to in *Pearce*.

The conviction is affirmed.

All concurred.