## PEOPLE v. GUILINGER

1. WITNESSES — PRIOR INCONSISTENT STATEMENTS — LIMITING INSTRUCTIONS TO JURY — REQUESTED INSTRUCTIONS — REVERSIBLE ERROR.

   Failure to give an instruction to the jury on the limited use of a witness's prior inconsistent statements is reversible error if a request for the limiting instruction has been made.

2. WITNESSES—IMPEACHMENT—PRIOR INCONSISTENT STATEMENTS—IN-COURT STATEMENTS—OUT-OF-COURT STATEMENTS—LIMITING INSTRUCTIONS TO JURY.

   Whether prior inconsistent statements used to impeach a witness were made in court or out of court is of no significance in determining the necessity for giving a limiting instruction to the jury concerning the inconsistent statement's use, because the purpose of the statements is to vitiate the witness's credibility.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Witnesses §§ 675, 767 *et seq.*

3. Witnesses—Res Gestae Witnesses—Impeachment—Prior Inconsistent Statements—Limiting Instructions to Jury.

Failure to instruct the jury that prior inconsistent statements introduced to impeach the credibility of a *res gestae* witness may not be considered as substantive evidence but only as evidence bearing on the credibility of the witness is not reversible error unless there has been a request for an instruction (MCLA § 768.29).

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 January 8, 1971, at Lansing. (Docket No. 8999.)   Decided February 18, 1971.

Gerald Duane Guilinger was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Lawrence L. Hayes,* Prosecuting Attorney, and *James B. Parker,* Assistant Prosecuting Attorney, for the people.

*Emil M. Fry,* for defendant on appeal.

Before: Quinn, P. J., and Bronson and O'Hara,[*] JJ.

Bronson, J.   Defendant was convicted by a jury for the crime of breaking and entering with intent to commit larceny contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

At trial, the prosecutor was permitted to impeach a *res gestae* witness by reading portions of the witness's prior testimony given at the defendant's preliminary examination. On appeal, defendant contends that the trial court committed reversible error by failing to instruct the jury that the witness's

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

prior inconsistent statement could not be considered as substantive evidence. The defendant neither objected to the use of the prior statement nor requested the trial court to give a limiting instruction.

The sole issue raised on appeal can be stated as follows:

Whether reversible error is committed when the trial court, *absent a request for a limiting instruction,* fails to instruct the jury that a witness's prior inconsistent statement cannot be considered by the jury as substantive evidence of the guilt or innocence of the accused.

Under established Michigan law, it is clear that a trial court commits reversible error when, after having been requested to caution the jury as to the use of the testimony, the court fails to give the limiting instruction. *People* v. *Nemeth* (1932), 258 Mich 682, 688; *People* v. *Redman* (1969), 17 Mich App 610, 613; *People* v. *Danles* (1969), 15 Mich App 510, 513; *People* v. *Pena* (1966), 3 Mich App 26, 30.

The issue which is not clear in Michigan is whether, *absent* a request for the limiting instruction, reversible error is committed when the trial court fails to so instruct on its own initiative. This Court is not in harmony on the issue.[1]

The only Michigan case to expressly hold that, even absent a request, reversible error is committed when the trial court fails to instruct the jury that the testimony may be used only for impeachment and not as substantive evidence is *People* v. *Eagger*

---

[1] Although not an exhaustive list, the following cases hold, or by means of *dictum* support, the view that an instruction must be requested before reversible error is committed: *People* v. *Budary* (1970), 22 Mich App 485; *People* v. *Pope* (1967), 8 Mich App 231. *Contra, People* v. *Eagger* (1966), 4 Mich App 449; *People* v. *Redman* (1969), 17 Mich App 610 (*dictum*); *People* v. *Danles* (1969), 15 Mich App 510 (*dictum*); *People* v. *Virgil Brown* (1969), 15 Mich App 600 (*dictum*).

(1966), 4 Mich App 449.[2]    The Court in *Eagger*
relied on *People* v. *Durkee* (1963), 369 Mich 618.
Actually, the *Durkee* opinion is silent as to whether
an objection or request for a limiting instruction
was, or was not, made by the defendant.

The most recent Michigan decision to address it-
self to this issue is *People* v. *Budary* (1970), 22
Mich App 485, 497. In *Budary,* the Court held that
the defendant "having failed to request the instruc-
tion will not now be granted a new trial because
of the court's failure to give the instruction". The
Court in *Budary* distinguished previous Michigan
cases which purport to require the trial court to
give a limiting instruction, even though not re-
quested, on the basis of the in-court nature of the
preliminary examination testimony. While agreeing
with the result reached in *Budary,* we are unable to
agree with the reasoning. The Court's attempt to
distinguish between in-court or out-of-court state-
ments as they relate to the issue of whether a request
for a cautionary instruction is needed is really a
distinction without meaning. The purpose of im-
peaching the witness by introducing prior inconsist-
ent statements is to vitiate a witness's credibility.
Whether the prior inconsistent statement was made
in court or out of court is really of no significance
insofar as it relates to the issue of the necessity of
instructing the jury to consider the statement for a
limited purpose only.

We agree, however, with the Court's holding in
*Budary* that this issue is governed by CL 1948,
§ 768.29 (Stat Ann 1954 Rev § 28.1052), which pro-
vides, in part:

"The failure of the court to instruct on any point
of law shall not be ground for setting aside the ver-

---

[2] Language in subsequent cases (see fn 1, *supra*) which parrots the
holding in *Eagger* is merely *obiter dictum.*

dict of the jury unless such instruction is requested by the accused".

See GCR 1963, 516.

The reason behind the rule is valid. Trial counsel have the responsibility to present the applicable law to the trial judge. It would unduly burden the trial court to require it to instruct the jury on such matters absent a request. If the rule were different, it is possible fewer requests would be made for a limiting instruction by trial counsel. The party representing the defendant could merely refrain from requesting an instruction, and if the court failed to instruct, then seek reversal on appeal. Furthermore, counsel representing the defendant may, as part of his trial strategy, decide not to request such a limiting instruction because he would prefer that the jury not be reminded of the witness's testimony before it adjourned for deliberation.

Our holding in the instant case is not to be confused with the affirmative duty imposed upon the trial court to instruct the jury regarding the elements of the crime. See *People* v. *Guillett* (1955), 342 Mich 1.

Although cognizant of the lack of agreement by this Court on the issue presented, until directed to do otherwise by the Michigan Supreme Court we choose to follow the rule that, absent request, reversible error is not committed by the trial court's failure to give a limiting instruction on the use of testimony introduced to impeach a *res gestae* witness.

Judgment affirmed.

All concurred.