PEOPLE v. SAMUELSON

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 September 7, 1971, at Lansing. (Docket No. 8970.)   Decided October 27, 1971.

Kurt Samuelson was convicted of statutory rape. Defendant appeals.   Affirmed.

Kurt E. Samuelson, *in propria persona.*

Before: Lesinski, C. J., and Quinn and Bronson, JJ.

Per Curiam.   A jury found defendant guilty of statutory rape, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).   He was sentenced and his appointed counsel moved for a new trial.   This motion was denied.   Defendant discharged his appointed counsel and appeals *in propria persona.*

During *voir dire* proceedings, the trial judge stated to the jury, among other things, "You'll be governed entirely from the testimony which comes from the witness stand, the exhibits that are introduced into evidence, the arguments of counsel and my instructions upon the law at the conclusion of the case".   Defendant excerpts the following from this instruction and claims reversible error: "That you will be governed entirely from the * * * arguments of counsel".   If error occurred, it was not

preserved for review, since no objection was made to this statement at trial.

Defendant next claims error in the admission of improper testimony over objection. This claim is not supported by the record. The witness defendant refers to did volunteer some conclusions which were objected to and the objection was sustained. Additionally, the cross-examination of this witness by defendant's counsel destroyed the force of the conclusions. Again we find no reversible error.

In closing argument, the prosecuting attorney made reference to the conclusions above referred to, but no objection was made. The error was not preserved. *People* v. *Pena* (1966), 3 Mich App 26.

The prosecuting attorney questioned defendant concerning prior convictions. Defendant contends this was error. This questioning was proper, *People* v. *Payne* (1970), 27 Mich App 133, 134.

Finally, defendant argues that he was denied a fair trial because of the foregoing errors which he has failed to establish.

Affirmed.