PEOPLE v COATES

1. Witnesses—Impeachment—Prior Statements.

Contents of prior inconsistent statements introduced for the purpose of impeaching a witness need not be remembered by the witness if the witness remembers being questioned, even though he does not remember the specifics of the individual questions.

2. Criminal Law—Right of Confrontation—Witnesses—Prior Statements.

Admission of an accomplice's prior statements for the purpose of impeachment, not as substantive proof, does not abridge a defendant's constitutional right of confrontation.

3. Criminal Law—Witnesses—Accomplices—Impeachment—Prior Statements—Limiting Instructions.

A failure to instruct the jury that prior inconsistent statements introduced to impeach the credibility of an accomplice could not be considered as substantive evidence but only as evidence bearing on the credibility of the witness is not reversible error where there has been no request for an instruction.

4. Criminal Law—Instructions to Jury—Requested Instructions —Identifying Party Requesting Instructions.

Identification of the defendant as the party who requested an instruction concerning defendant's failure to testify was improper, but was not reversible error in the absence of resulting prejudice to defendant amounting to a denial of substantial rights or a miscarriage of justice.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 December 13, 1971, at Detroit. (Docket No. 11242.) Decided April 26, 1972.

References for Points in Headnotes
[1] 58 Am Jur, Witnesses § 775 et seq.
[2] 21 Am Jur 2d, Criminal Law § 340.
[3] 58 Am Jur, Witnesses § 768 et seq.
[4] 53 Am Jur, Trial § 694 et seq.

Robert A. Coates was convicted of breaking and entering an occupied dwelling house. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*McCall, Matish, McGuire & Sapala,* for defendant on appeal.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

T. M. BURNS, J. Defendant, charged with breaking and entering an occupied dwelling house contrary to MCLA 750.110; MSA 28.305, was convicted upon a jury verdict and sentenced to 10 to 15 years in prison. Defendant appealed as of right and his conviction was affirmed in *People v Coates,* 11 Mich App 537 (1968). Defendant then filed a delayed motion for a new trial, which the trial judge denied on October 14, 1970. An application for leave to take delayed appeal was filed, which was granted by this Court on June 24, 1971.

Defendant first contends that the trial court erred in allowing plaintiff to read in the presence of the jury the prior inconsistent statements of an alleged accomplice.

Bernard Vinson, the alleged accomplice of the defendant, testified at trial that although he had brought the defendant with him in the car, he entered the dwelling house alone, having let defendant out of the car before he got to the scene of the crime. After laying a foundation, the prosecu-

tor introduced a prior inconsistent statement made by the witness to the effect that both he and the defendant had committed the crime charged. Defendant now contends that it was error for the trial court to allow the prosecution to impeach its own witness.

MCLA 767.40a; MSA 28.980(1) grants to the prosecution the right to impeach witnesses that it is under a duty to call. Although the prosecutor must indorse all *res gestae* witnesses, he does not have to indorse or call accomplices. Defendant therefore asserts that the statutory exception to the rule that a party may not impeach his own witness contained in MCLA 767.40a; MSA 28.980(1) does not apply.

Our review of the record reveals that there was no objection to the prosecution's questions impeaching the accomplice's testimony. We will not, therefore, discuss this issue since it was not properly preserved for appeal.

Defendant also contends that the accomplice's repeated responses to the effect that he recalled none of the questions or answers he had previously given to the police prevented the prosecution from further impeachment through the use of prior inconsistent statements.

Defendant relies on *People v Durkee,* 369 Mich 618, 625 (1963). In *Durkee,* however, the witness could not even remember being questioned. That is not the case here; defendant could remember being questioned, he just could not remember the specifics of the individual questions and the answers he gave. We see no reason for the exclusion of impeachment testimony under these circumstances, and defendant presents no authority requiring us to do so. We find no merit in defendant's position.

Defendant's next contention is that his constitutional right to confrontation was abridged by the admission of the accomplice's prior inconsistent statements. However, the statements here were not used as substantive proofs but only for impeachment purposes, which is entirely proper. *People v Redman,* 17 Mich App 610, 613 (1969). However, the trial court failed to instruct the jury that the testimony was to be used for impeachment purposes only. Defendant contends that this is error despite the fact that no request for such instruction was made.

MCLA 768.29; MSA 28.1052 provides in part:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

This Court in *People v Guilinger,* 30 Mich App 711, 715 (1971), refused to give a limiting instruction on the use of testimony used to impeach a *res gestae* witness.

"Although cognizant of the lack of agreement by this Court on the issue presented, until directed by the Michigan Supreme Court we choose to follow the rule that, absent request, reversible error is not committed by the trial court's failure to give a limiting instruction on the use of testimony introduced to impeach a *res gestae* witness."

In the instant case it was an accomplice's testimony that was impeached rather than merely that of a *res gestae* witness. However, the Court in *Guilinger, supra,* in arriving at its decision, analyzed several cases which involved accomplices rather than *res gestae* witnesses. In its opinion, the Court found no basis for distinguishing the two

situations. Nor do we. We therefore hold that the failure to give the instruction is not reversible error absent any request therefor.

Defendant finally contends that the trial judge erred by indicating to the jury, in his instructions, that he had been requested by the defendant to instruct them relative to defendant's failure to testify.

This Court in *People v Thomas,* 7 Mich App 519, 533 (1967), while acknowledging that identification of the party requesting an instruction is improper, found no deprivation of substantial rights or a miscarriage of justice. See also *People v Waters,* 16 Mich App 33, 37 (1969); *People v Carter,* 28 Mich App 83, 103 (1970). While we agree that it was improper for the trial court to identify defendant as the party requesting the instruction, we find no prejudice to the defendant through the court's inadvertent error.

Affirmed.


DANHOF, J., *(concurring).* I concur in the decision of Judge BURNS, recognizing in doing so that it is inconsistent with *People v Danles,* 15 Mich App 510 (1969) which I signed. *Danles* was based on *People v Eagger,* 4 Mich App 449 (1966), which at that time was the sole pronouncement of this Court on requiring the trial court, absent a request, to instruct the jury that prior inconsistent statements of a witness could be used for impeachment purposes only. Subsequent to *Danles* we have had *People v Virgil Brown,* 15 Mich App 600 (1969), *People v Budary,* 22 Mich App 485 (1970) [which this writer authored], the second *People v Virgil Brown,* 28 Mich App 248 (1970) [this writer being a member of the panel], and finally *People v Guilinger,* 30 Mich App 711 (1971). I now concur

with the decision of this Court in *Guilinger, supra,*
p 715, which stated:

"We choose to follow the rule that, absent request,
reversible error is not committed by the trial court's
failure to give a limiting instruction on the use of
testimony introduced to impeach a *res gestae* witness."

I concur with Judge BURNS in applying the same
rule to the testimony of an accomplice.

Judge HOLBROOK concurs in this opinion for the
reason that he also signed *People v Danles,* 15
Mich App 510 (1969).