PEOPLE *v.* SMITH.

1. CRIMINAL LAW—INSTRUCTIONS.
    Jury instructions in a criminal case must be read in their entirety in order to determine whether prejudicial error is present.

2. SAME—FORGERY—UTTERING AND PUBLISHING—INSTRUCTIONS—INTENT TO DEFRAUD.
    Instructions to jury on elements constituting crimes of forgery and uttering and publishing was not error because of failure to use the phrase "intent to defraud" at every juncture in later portions of the charge, where court instructed jury by quoting language of the statute in which such phrase was used (CL 1948, §§ 750.248, 750.249).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]   53 Am Jur, Trial § 842.
[2]   53 Am Jur, Trial §§ 542, 639, 641.
[3]   53 Am Jur, Trial § 542.
[4]   53 Am Jur, Trial §§ 510, 511.

3. SAME—INSTRUCTIONS—READING OF STATUTE.
> The reading of the statute relating to the crime charged in a criminal prosecution is an instruction to the jury and is to be considered by them as any other given instruction.

4. TRIAL—ORGANIZATION OF INSTRUCTIONS.
> The organization of instructions is up to the trial court and will not be disturbed on appeal so long as there are no misstatements or significant distortions of applicable law.

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 April 5, 1966, at Grand Rapids. (Docket No. 1,269.) Decided June 28, 1966.

Arthur F. Smith was convicted of forgery and uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Norman K. Kravitz,* Assistant Prosecuting Attorney, for the people.

*Vander Veen, Freihofer & Cook (Robert P. Cooper,* of counsel), for defendant.

FITZGERALD, J. On June 2, 1964, defendant Smith went into the office of Garter Pool & Supply Company in the city of Walker. Prior to the time of his entrance into the office, the secretary of the company had written a company check to Max J. and Mable C. Garter in the amount of $350. This check was then signed by Max J. Garter as an officer of the company and was placed by the secretary on the counter in the office.

Smith went into the office to ask if the company would be interested in buying some pine trees. During the time that Smith was in the office, the secretary heard a sound that she described as the

crumpling of paper and then noticed that the check was no longer on the counter. She asked Smith about the check, and he replied that he had not seen it.

Later that day, the defendant entered a bar in Grand Rapids, Michigan, and asked the bartender if he would cash a check in the amount of $350, stating that he needed the check cashed to make an insurance payment on his home. The bartender then gave Smith a pen and turned around to wait on customers. Shortly thereafter he returned, took the check from Smith and cashed it for $350. At the time the check was cashed, the names of Max J. Garter and Mable C. Garter, and also the name of Donald Doidge were written on the back of this check.

The following day, the owner of the bar took this check to the bank and presented it for payment which the bank refused. The bank then stamped on the check "payment stopped".

Smith was charged with forgery (CL 1948, § 750-.248 [Stat Ann 1962 Rev § 28.445]) and also uttering and publishing (CL 1948, § 750.249 [Stat Ann 1962 Rev § 28.446]) and was found guilty by a jury.

On appeal, defendant asks whether the instructions to the jury were erroneous in that the element of "intent to injure or defraud" was not mentioned by the court at each point in the charge where the crime was described or referred to.

In instructing the jury, the court began by reading the proper statutory provisions of the charges against the defendant. Later portions of the charge, while not containing any misstatement of law, do not mention the element of "intent to defraud" at every juncture.

In reviewing this record, we recognize that, as in civil cases, the instructions in a criminal case must be read in their entirety to determine whether prejudicial error is present, *People* v. *Dye* (1959), 356 Mich 271, certiorari denied, 361 US 935 [80 S Ct 367, 4 L ed 2d 355] and *People* v. *Carr* (1966), 2 Mich App 222.

Careful consideration of the instant instructions leads us to the conclusion that this particular case is controlled by *People* v. *Noyes* (1950), 328 Mich 207, 212, wherein the Court said, "In our opinion the reading of the statute relating to the crime is an instruction to the jury and is to be considered by them as any other given instruction. The failure of the trial court to repeat this element of the crime is not error." This statement is dispositive of the prime issue before us on this appeal.

The cases relied upon by defendant are not applicable here. Specifically, *People* v. *MacPherson* (1949), 323 Mich 438, dealt with omission of an applicable statute. *People* v. *Clark* (1954), 340 Mich 411, dealt with a misstatement regarding burden of proof. *People* v. *Guillett* (1955), 342 Mich 1, dealt with a misleading charge. The further case of *People* v. *DeWitt* (1925), 233 Mich 222, involved conflicting instructions.

We cannot say that on this record the jury was misled by the instructions (which included a reading of the statute) and we further recognize that organization of instructions is up to the court so long as there are no misstatements or significant distortions.

While the argument and brief in this appeal were based solely upon the issue of jury instructions, other matters submitted by counsel for appellant, with a request for consideration in the light of

"legal significance", have been examined and found not to be prejudicial.

Affirmed.

BURNS, P. J., concurred.

The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.