Judgments reversed and a new trial ordered in the following memorandum: It was error, as the Appellate Division decision states, to allow proof by the victim of selection by him of two photographs from a number of photographs from police files (People v. Cioffi, 1 N Y 2d 70) and proof by a detective that complainant had made these selections (People v. Caserta, 19 N Y 2d 18; People v. Trowbridge, 305 N. Y. 471) and to utilize this proof in summation. There was a resulting inference the photographs in police files were those of defendants. In the context of this record reception of the proof was prejudicial.
Defendant Cicatelli was entitled to full inquiry into the voluntary nature of his purported confession even though he denied having made any confession. The court, although restricting proof of defendant’s physical condition, submitted the voluntary nature of the confession to the jury but refused to determine this issue independently. Even though in some circumstances it may be proper not to determine the question *1013 (People v. Stigler, 9 N Y 2d 717, 719), the determination of the facts separately by court and jury should be co-extensive and in view of defendant’s proof should also have been decided by the court.
The force and fear established, although fitting closely into the pattern of extortion, could be regarded by the jury as robbery (see People v. Bodkin, 304 Ill. 124 [1922]; Montsdoca v. State, 84 Fla. 82 [1922]; State v. Bell, 228 N. C. 659 [1948]). But in arguable circumstances the question should be decided by the jury.
Concur: Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen.