## PEOPLE v. BARROW

1. RAPE—PSYCHIATRIC EXAMINATION OF DEFENDANT—PETITION—TIME IN WHICH PETITION MUST BE FILED—TRIAL.

    Action of trial court in ordering defendant's rape trial to begin when scheduled even though defense counsel wanted to file a petition under the Goodrich Act to determine whether the defendant was a criminal sexual psychopathic person was not error, since such a petition could have been filed at any time before sentence and therefore defendant's counsel was not denied the right to file the petition (CLS 1961, § 780.503, later repealed by PA 1968, No 143).

2. CONSTITUTIONAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—IDENTIFICATION—POLICE LINEUP.

    Identification by rape victim of defendant in a police lineup without defendant's counsel present did not violate defendant's right to due process of law where the lineup was conducted before June 12, 1967, when new United States Supreme Court guidelines went into effect.

3. RAPE—TRIAL—EVIDENCE—IDENTIFICATION OF DEFENDANT—POLICE FILES.

    Testimony by complaining witness in a rape case that the man she picked "from the files" had been arrested was not grounds for reversal because it revealed that defendant had a prior record where the reference to the "files" was elicited by a question of defense counsel and the trial judge did everything within his power to limit the effect of the complainant's statement.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 48.
[2] 21 Am Jur 2d, Criminal Law §§ 314, 368.
Accused's right to counsel under the Federal Constitution—Supreme Court cases.  18 L Ed 2d 1420.
[3] 29 Am Jur 2d, Evidence § 320 et seq.
[4] 21 Am Jur 2d, Criminal Law § 137.
[5] 53 Am Jur, Trial § 842.

4. RAPE—TRIAL—EVIDENCE—WITNESSES—ALIBI WITNESSES.

    Refusal of trial court to allow defense to bring in three alibi
    witnesses in addition to the one who was allowed to testify
    was not reversible error where the defense did not give the
    notice required by statute as a condition to presenting a
    defense of alibi, and a period of over 2–1/2 months elapsed
    between the examination of defendant and his trial and no
    reason was given why defense counsel should not have known
    of the existence of these witnesses (CL 1948, § 768.20).

5. CRIMINAL LAW—JURY INSTRUCTIONS—APPEAL AND ERROR.

    Jury instructions in a criminal case must be read in their
    entirety in order to determine whether prejudicial error was
    present.

Appeal from Recorder's Court of Detroit, Nathan
J. Kaufman, J., presiding. Submitted Division 1
May 7, 1969, at Detroit. (Docket No. 4,855.) De-
cided June 23, 1969.

Joseph Louis Barrow was convicted of forcible
rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Luvenia D. Dockett,* Assistant
Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

BEFORE: HOLBROOK, P. J., and McGREGOR and
BRONSON, JJ.

PER CURIAM. Joseph Louis Barrow, defendant
herein, was convicted of the crime of rape[1] in the
Recorder's Court in the City of Detroit before a jury
on August 14 through 16, 1967, and sentenced to

    [1] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

prison on August 30, 1967. Upon denial of motion
for new trial, defendant appeals. Present appointed
counsel on appeal did not represent defendant at
trial.

A background of the facts are important to deal
properly with the issues raised on this appeal. The
alleged rape of the complainant as set forth in her
complaint dated May 14, 1967, took place on the
evening of May 8, 1967. On May 17, 1967, upon
defendant's petition, counsel was appointed for him
by the court. An examination was held on May 23,
1967. On the day set for trial, counsel for defendant
requested an adjournment to file a petition under the
Goodrich Act,[2] to have the defendant declared a
criminal sexual psychopathic person. At first the
trial judge indicated that he would grant a two-day
adjournment so counsel could prepare and file such
a petition. Later at this same hearing, after defend-
ant and his counsel conferred, the court was informed
by counsel that defendant was "adverse to being
examined by any psychiatrist, * * * and he doesn't
want to go along with it." Thereupon defendant's
counsel apparently abandoned the filing of such a
petition, for when the judge asked him— "If you
want to do it against your client's wishes, —" he
replied, "No. He is averse to that." The trial was
then adjourned until the next day at defendant's
request. At that time defendant asked for a further
delay to obtain service on alibi witnesses. The
trial extended into the next day and an alibi witness
was produced and testified. Defendant then re-
quested a further delay in order to serve the three
children of the one alibi witness that did testify.
This adjournment was denied by the court. De-

---

[2] CLS 1961, § 780.501 et seq. as amended (Stat Ann 1954 Rev
§ 28.967[1] et seq. as amended).

fendant raises five issues which are restated and dealt with in proper order.

1. *Did the trial court err in ruling on defense counsel's offer to file a petition under the Goodrich Act, CLS 1961, § 780.501 et seq. as amended (Stat Ann 1954 Rev § 28.967[1] et seq. as amended) and in ordering defendant to go to trial?*

The pertinent statutory provision for filing of a statement of facts or a petition is contained in CLS 1961, § 780.503 (Stat Ann 1954 Rev § 28.967[3][3] which reads as follows:

"When any person is charged with a criminal offense, whether a felony or a misdemeanor, or has been convicted of or has pleaded guilty to such offense and has been placed on probation, or has been convicted or pleaded guilty to such offense but has not yet been sentenced, and it shall appear that such person is a criminal sexual psychopathic person, as evidenced by such mental disorder which has existed for a period of not less than 4 months, then the prosecuting attorney of such county, or the attorney general, or some one on behalf of the person charged, may file with the clerk of the court in the same proceeding wherein such person stands charged with, or has been convicted of, or has pleaded guilty to such criminal offense, a statement in writing setting forth facts tending to show that such person is a criminal sexual psychopathic person."

This act permitted the presentment of a petition at any time before sentence. Defendant's counsel could have presented a petition at any time between the date of trial, August 14 through 16, 1967, and August 30, 1967, but he did not. We conclude that the defendant's counsel was not denied the right to

---

[3] *Since repealed and replaced with other provisions by* PA 1968, No 143 (MCLA Cum Supp § 330.35b; Stat Ann 1969 Cum Supp § 14.825[2]).

file the petition under the facts in this case. *People* v. *Wolschon* (1966), 2 Mich App 186, 188.

2. *Was the show-up identification of defendant made by complainant on May 13, 1967, properly admitted into evidence at trial?*

Defendant asserts that since this show-up was conducted without benefit of an attorney's presence, defendant was deprived of his constitutional rights. He cites *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). The *Wade* case was decided on June 12, 1967. The applicability of *Wade* was discussed in *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). It was therein determined that *Wade, supra,* is applicable only to those cases which involved confrontations for identification purposes conducted in the absence of counsel after June 12, 1967. Since the confrontation herein for identification purposes occurred on May 13, 1967, *Wade* is not applicable. We find no error here.

3. *Was the testimony of the complaining witness that she had first identified the accused from pictures "from the files" prejudicial to defendant?*

This testimony was brought out by the defendant's counsel on cross-examination and appears in the record as follows:

"*Q.* The next showup you viewed was on Saturday, is that correct?

"*A.* Yes.

"*Q.* Do you recall what time of day or night?

"*A.* It was in the morning.

"*Q.* How did it happen to be you came down for a showup on Saturday morning, Charlie Mae?

"*A.* The man I had picked from the files had been picked up.

"*Q.* Did you receive a call from someone in the police department?

"*A.* Yes.

"*Q.* Or the prosecutor's office?

"*A.* Yes.

"*The Court:* We will excuse the jury for another two minutes.

"*(Jury excused 12:18.)*

"*The Court:* Mr. Scallen, you are caught in the lurch as much as I am every time like this, and I am not blaming you. But I don't —

"Witness, I don't want you to use the words mug shots or police pictures, or things like that. Do you understand that?

"*The Witness:* Yes.

"*The Court:* You are going to be opening the door quite frequently. I am not blaming you, but you see the problems we run into. I am not stopping your cross-examination.

"*Mr. Scallen:* No. I understand your point and I understand your problems.

"*The Court:* If you knew the answer, obviously you wouldn't ask the questions like that, and it is not your fault.

"You understand, witness, I don't want you to say anything that you did in this connection; that is, that you picked them out of police headquarters, or that he had numbers or mug shots, or anything like that, you understand?

"*The Witness:* Yes.

"*The Court:* All right, bring the jury back."

Defendant cites the cases of *Barnes* v. *United States* (1966), 124 App DC 318 (365 F2d 509), and *People* v. *Wright* (1968), 21 NY2d 1011 (290 NYS2d 390, 238 NE2d 330), to support his position. The facts in those two cases are not analogous and therefore not applicable. We find that the reference to the word "files" was elicited by a question propounded by counsel for defendant. The trial judge did everything within his power to limit the effect of complainant's statement brought out by defendant's

counsel. We conclude that the reference merely to the word "files" without further repetition does not, under the circumstances, constitute reversible error. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

4. *Did the trial judge abuse his discretion in not permitting defendant to bring in three additional alibi witnesses?*

CL 1948, § 768.20 (Stat Ann 1954 Rev § 28.1043) provides that when the defense of alibi is going to be relied upon at the trial a notice in writing to that effect together with the names of the witnesses to be called by defendant to establish such defense shall be given at the time of arraignment or within 10 days thereafter, but not less than 4 days before the trial of such cause. The defendant did not comply with this requirement; however, in spite of this fact the trial judge allowed the defendant to place on the stand an alibi witness on the last day of trial. The other alibi witnesses were children of the alibi witness produced. The trial judge stated that the defendant must have known of these other witnesses and therefore should have had them present at the trial. There was more than 2–1/2 months from the date of the examination to the time of trial, and more than 1–1/2 months from the time of arraignment, June 21. There was no showing that the children were not available and could not have been produced by the alibi witness, an aunt of the defendant. There was no abuse of discretion by the trial judge in denying a continuance or adjournment under the circumstances of this case. *People* v. *Williams* (1968), 11 Mich App 62.

5. *Was the trial judge's statement in his instructions "there doesn't seem to be any question but that the defendant did have sexual intercourse" constitute reversible error?*

Defendant claims that the trial judge gave the jury two conflicting instructions and contends that this is reversible error. *People* v. *DeWitt* (1925), 233 Mich 222; *People* v. *Visel* (1936), 275 Mich 77. When it was called to Judge Kaufman's attention that he had misspoken, the trial judge made the following correction:

*"The Court:* Ladies and gentlemen of the jury, it has been told to me — and I am not absolutely sure that I might have misused some words. It was told to me that I said that it is without a doubt the defendant had intercourse. If I did say so, I meant the complainant, of course. It's obvious that the complainant had intercourse, but the question of whether or not the defendant forced himself to commit the crime of rape, that is for you to decide."

The last instruction was a correction of the former. At the end of the instructions defendant's counsel stated that he was satisfied with the charge. Jury instructions in a criminal case must be read in their entirety in order to determine whether prejudicial error was present. *People* v. *Smith* (1966), 3 Mich App 614; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519. The charge when read as a whole properly instructed the jury and there was no reversible error.

Affirmed.