PEOPLE *v.* ALBERT WHITE

1. CRIMINAL LAW—NARCOTICS—EVIDENCE—OTHER CRIMES—SIMILAR ACTS.

Testimony that defendant committed similar crimes other than the one charged, selling narcotics without a license, is permitted by statute in order to show a common scheme or plan (MCLA §§ 335.152, 768.27).

2. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—SIMILAR ACTS—INSTRUCTIONS TO JURY.

Instruction limiting a jury's consideration of testimony of the defendant's participation in a similar offense, introduced for the purpose of showing a common scheme or plan or system, need not be given unless the defendant requests such an instruction.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — ARREST — DELAY IN ARREST.

There is no constitutional right to be arrested, and therefore a delay of 72 days between the date of the offense charged and the date of the arrest, caused by a desire of the police to continue investigation in drug traffic, is harmless, unless the defendant shows specific prejudicial effect of the delay.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT — LENGTH OF SENTENCE.

The length of the sentence does not make the sentence cruel or unusual in the constitutional sense, and therefore the Court of Appeals, whatever its feelings may be toward the wisdom of the length of the punishment, cannot repeal a legislative enactment under the guise of the constitutional prohibition against cruel and unusual punishment.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 322, 326.
[3] 21 Am Jur 2d, Criminal Law §§ 243, 245, 248, 253.
[4–6] 21 Am Jur 2d, Criminal Law §§ 612, 614.
[7] 29 Am Jur 2d, Evidence §§ 153, 154.

5. CRIMINAL LAW — CONSTITUTIONAL LAW — SENTENCE — STATUTORY LIMIT.

A sentence within the statutory limit cannot be considered cruel and unusual punishment.

6. CRIMINAL LAW — CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT — SENTENCE — MINIMUM SENTENCE — SALE OF MARIJUANA.

The 20-year minimum sentence provided by statute upon conviction of the offense of sale of marijuana is not a cruel and unusual punishment.

7. CRIMINAL LAW—MARIJUANA—BURDEN OF PROOF.

The people, in a prosecution for selling marijuana without a license, are not required to prove that the particular marijuana does not fall within one of the statutory exceptions; the element of the offense is proof of what the substance is, not what it is not, and it is the defendant's responsibility to prove the exception (MCLA § 335.152).

Appeal from Wayne, John M. Wise, J. Submitted Division 1 September 29, 1970 at Detroit. (Docket No. 5,668.) Decided October 28, 1970.

Albert White was convicted of sale of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia Pernick Boyle,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: HOLBROOK, P. J., and V. J. BRENNAN and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. On July 11, 1967, a police officer purchased a small, newspaper-wrapped package from defendant Albert White. The contents of the package were subsequently analyzed and identified as marijuana. Defendant was charged with, and subsequently convicted by a jury, of selling narcotics without a license in violation of MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).

The arrest of defendant and the bringing of formal charges did not take place until 72 days following the date of the first purchase.

During the trial the arresting officer was asked on cross-examination if he had seen defendant after the initial sale. The officer testified that he saw defendant when he went to purchase additional marijuana. Pursuing this line of questioning on redirect examination, the prosecutor elicited the fact that the officer had made a subsequent purchase.

On appeal defendant raises five issues. He contends that it was error for the trial court to allow the introduction of evidence of an alleged subsequent sale of narcotics. Defendant further contends that even if the evidence was admissible, the trial court failed to give a limiting instruction.

The introduction of evidence of the subsequent sale, while admitted to show the officer's ability to identify defendant, served to demonstrate a common scheme or plan. This type of evidence is admissible pursuant to the provisions of MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050). With respect to defendant's second contention, when evidence of a similar act is introduced for the purpose of showing a scheme, plan or system, a limiting instruction need not be given unless requested. *People* v. *Anderson* (1968), 13 Mich App 247; *People* v. *Mauch* (1970), 23 Mich App 723; *People* v. *Stevens* (1970) 25 Mich App 181. Defendant failed to request a limiting in-

struction and there was no reversible error on the part of the trial court.

Defendant further contends on appeal that he was denied due process because of the 72-day delay between the date of the offense and the arrest. "There is no constitutional right to be arrested." *Hoffa* v. *United States* (1966), 385 US 293, 310 (87 S Ct 408, 17 L Ed 2d 374). Defendant must show specific prejudicial effect of the delay. In *People* v. *Hernandez* (1969), 15 Mich App 141, a 42-day delay was found to be prejudicial because evidence was lost and defendant, an illiterate, could not remember the circumstances surrounding the alleged offense. In the present case, defendant has failed to show how he was prejudiced. The delay was caused by a desire on the part of the police to continue investigations in drug traffic. Finding no prejudice the delay was harmless.

Defendant also contends that the 20-year mandatory minimum sentence for selling narcotics is a cruel and unusual punishment. MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).

It is hardly a novel judicial pronouncement to call attention decisionally to the fact that we are a nation and a state of divided governmental responsibility. Whatever our personal feelings may be toward the wisdom of a 20-year minimum sentence for the sale of pot or grass, or whatever the current designation for proscribed marijuana is, we cannot repeal a legislative enactment under the guise of judicial enforcement of the constitutional prohibition against cruel and unusual punishment. It has been held, times without number, that the length of the sentence does not make the sentence cruel or unusual in the constitutional sense. A sentence within the statutory limit cannot be considered cruel and un-

usual punishment. *People* v. *Welch* (1970), 25 Mich App 694.

The two final issues raised by defendant relate to the identification of the marijuana as the prohibited portion of the plant. MCLA § 335.152 exempts certain portions of the plant. Defendant contends that the prosecution failed to show that the substance was non-exempt and that the trial court failed to properly instruct the jury on this issue. The prosecution introduced evidence showing that the substance was marijuana. The prosecution is not required to prove that the particular marijuana does not fall within one of the statutory exceptions. The element of the offense is proof of what the substance is, not what it is not.

We laid this issue to rest (we thought) in *People* v. *Nelson White* (1970), 26 Mich App 35. It is a viable defense, if proved, that the substance in question, though marijuana, is identifiable as being one of the excepted portions of the plant, or one of the excepted compounds or derivatives of the excepted portions. It is the defendant's responsibility to prove the exception. By statute[1] and by case law, proof of the exception is not part of the *corpus delicti* of the offense and no burden of the prosecution to prove.

None of the issues advanced by defendant constitutes reversible error.

Affirmed.

All concurred.

---

[1] MCLA § 767.48 (Stat Ann 1954 Rev § 28.988).