STATE, Respondent v. POTTER, Appellant

(197 N.W.2d 17)

(File No. 10937.  Opinion filed May 2, 1972)

Michael B. DeMersseman, of Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, for defendant and appellant.

Gordon Mydland, Atty. Gen., Leonard E. Andera, Sp. Asst. Atty. Gen., David Stanton, Asst. Atty. Gen., Pierre, Charles Mickel, Asst. State's Atty., Rapid City, for plaintiff and respondent.

HANSON, Presiding Judge.

The jury found defendant guilty of selling marijuana as charged in Count II of the Information: "That the Defendant, Jerry Potter, at Rapid City, in said Pennington County, State of South Dakota, on or about the 7th day of January, A.D.1970, then and there * * * unlawfully, and feloniously did sell a narcotic drug, to-wit: Marihuana (Cannabis sativa L.) to one Donald P. Schmidt, in violation of SDCL 1967 39-16-3, and Contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of South Dakota".

Defendant contends the foundational evidence produced by the State was insufficient to prove the substance sold by him marked Exhibit I was illegal marijuana. The statutes under which defendant was charged and convicted included "Cannabis" within the term "Narcotic drugs". SDCL 39-16-1(14). "Cannabis" was then defined as including "all parts of the plant cannabis sativa, cannabis americana, and cannabis indica, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or prep-

aration of such mature stalks except the resin extracted therefrom, fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination". SDCL 39-16-1(13).

■ There was an adequate foundation for the introduction of Exhibit I into evidence. In making the sale to the State's undercover agent defendant represented the product to be high standard marijuana "near to Acapulco Gold". According to the unqualified opinion of the assistant state chemist the material was marijuana. He was well qualified to render such an opinion as he had previously analyzed and identified hundreds of marijuana samples. Before giving his opinion the chemist testified in detail as to the procedure followed in analyzing the substance contained in Exhibit I. The material was first weighed. Samples were taken at random from the inside and outside of the brick. The sample was then subjected to two standard tests widely used to chemically analyze and identify marijuana — the Duquenois-Levine test and the thin layer chromatogram test.

The tests conducted by the state chemist showed the substance sold by defendant contained the compound Tetrahydrocabinal. The chemist testified this is the only known positive test for marijuana. Other tests to determine all the other compounds contained in the substance were not required as a foundation for the expert's opinion or the introduction of Exhibit I into evidence.

■ Prima facie proof of guilt was established by competent credible evidence. Exhibit I contained illegal marijuana as defined by SDCL 39-16-1(13) and (14). The State was not further obligated to prove the substance sold by defendant did not consist of or contain exempt parts of the plant cannabis. In a similar case the Michigan court fully answered the same contention, as follows:

"The prosecution is not required to prove that the particular marijuana does not fall within one of the statutory exceptions. The element of the offense is proof of what the substance is, not what it is not.

\* \* \* It is a viable defense, if proved, that the substance in question, though marijuana, is identifiable as being one of the excepted portions of the plant, or one of the excepted compounds or derivatives of the excepted portions. It is the defendant's responsibility to prove the exception. By statute and by case law, proof of the exception is not part of the **corpus delicti** of the offense and no burden of the prosecution to prove." People v. White, 27 Mich.App. 432, 183 N.W.2d 606.

See SDCL 39-16-7 making it unnecessary for the State to negative exceptions, or exemptions contained in Chapter 39-16 and requiring proof of the same by the defendant.

Affirmed.

All the Judges concur.