PEOPLE v BERRIER

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—HEARSAY—RES GESTAE STATEMENTS—
   APPEAL AND ERROR.

   Excluding a defendant's direct testimony in which he attempted
   to relate a statement "He is going to kill you", allegedly made
   by his wife immediately prior to a killing, referring to the
   homicide victim with whose murder defendant was charged,
   was error because the statement was admissible as a res gestae
   statement; however, the error was not reversible error where
   the same statement was twice related to the jury, once in a
   taped statement by defendant and once during his cross-exami-
   nation.

2. CRIMINAL LAW—EVIDENCE—HUSBAND-WIFE PRIVILEGE—STATUTES—
   WAIVER.

   Determining that a defendant had waived any privilege with
   respect to a particular statement allegedly made by his wife
   immediately prior to the killing for which he was charged with
   murder was not error where the statement was introduced in
   evidence at the insistence of the defendant, the defendant had
   volunteered the same statement during cross-examination in
   violation of admonitions from the prosecuting attorney, defense
   counsel, and the court, and the prosecution had moved the
   court for permission to call defendant's wife for limited rebut-
   tal to testify that she had made no statement before the killing
   (MCLA 600.2162).

3. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—LIMITING INSTRUC-
   TIONS TO JURY.

   Failing to give immediately *sua sponte* a limiting instruction as
   to testimony by a detective in defendant's murder trial that

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 715.
[2] 29 Am Jur 2d, Evidence § 727.
[3, 7] 53 Am Jur, Trial § 800.
[4, 5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[6] 40 Am Jur 2d, Homicide §§ 44–47, 50, 52.

decedent had testified against defendant at the latter's trial on a charge of larceny was not error where the testimony was offered and admitted as a basis for finding motive.

4. CRIMINAL LAW—WITNESSES—INDORSEMENT—FAILURE TO PRODUCE—PRESERVING QUESTION.

No error was shown by a defendant who claimed that the prosecutor failed to produce all indorsed witnesses where the defendant failed to identify the witnesses allegedly not called, did not indicate any prejudice from their failure to testify, and made no objection at trial to the failure to produce.

5. CRIMINAL LAW—DISCHARGE OF JURY—PRESERVING QUESTION.

Failure of a trial court to discharge a jury in the presence of the accused after a mistrial or to state the reason for the discharge on the record was not reversible error where the defendant failed to object to the selection of a new jury and indicated satisfaction with the jury selected; any issue on this point was not preserved for review.

6. HOMICIDE—EVIDENCE—FIRST-DEGREE MURDER—PREMEDITATION—MALICE AFORETHOUGHT—SECOND-DEGREE MURDER.

A verdict of guilty of first-degree murder was not supported by the evidence where a review of the record did not disclose evidence to support a reasonable inference of premeditation; however, where the background of animosity and the reason therefor, the circumstances surrounding the shooting, and the fact that defendant shot decedent seven times adequately support a finding of intentional killing, from which malice aforethought may be inferred, the defendant was guilty of second-degree murder.

CONCURRENCE BY BRONSON, J.

7. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—LIMITING INSTRUCTIONS TO JURY.

*Any error in the failure of a trial court to give* sua sponte *a limiting instruction as to testimony by a detective at defendant's murder trial that decedent had testified against defendant at the latter's trial on a charge of larceny was harmless where the defendant failed to object to admission of the same evidence when brought out during cross-examination of the defendant, and where examination of the entire cause fails to demonstrate that the errors complained of resulted in a miscarriage of justice (MCLA 768.27, 769.26).*

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 May 8, 1973, at Lansing. (Docket No. 14221.) Decided July 24, 1973. Leave to appeal denied, 390 Mich —.

Harrison Berrier was convicted of first-degree murder. Defendant appeals. Remanded with instructions to enter a conviction of second-degree murder and resentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* First Assistant Prosecuting Attorney, for the people.

*Francis D. Ross* and *Edmund J. Sikorski, Jr.,* for defendant.

Before: Quinn, P. J., and Bronson and O'Hara,* JJ.

Quinn, P. J. A jury convicted defendant of first-degree murder, MCLA 750.316; MSA 28.548. He was sentenced and he appeals.

The decedent was defendant's brother-in-law. Animosity existed between them, arising from the fact that decedent had testified against defendant in a prior criminal trial. Defendant testified that about 9:30 on the night of March 30, 1970, decedent came to defendant's home and said to defendant that decedent had heard that defendant was "looking" to kill him. To this defendant replied, "No Joe, you're not worth it". Defendant then related that shortly thereafter he and decedent went for a ride, settled their differences, and shook hands.

Defendant returned home and watched TV. He

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was drowsing about 11:15, when he heard a ruckus at the outside door, and defendant testified that he heard his wife scream, "Look out he's got a gun or look out, he's going to kill you". Defendant said that he grabbed a loaded .22 rifle standing against the wall next to him, stepped through the kitchen door, saw the figure of an unknown man, who appeared to be violent, entering the kitchen. That defendant shot the man and later called the police. Decedent was shot seven times.

It is defendant's claim in his first two issues on appeal that the evidence does not support a verdict of guilty of first-degree murder and that such a verdict is contrary to law. We consider that this is one issue and discuss it at the end of this opinion.

During defendant's direct testimony, he attempted to relate the statement allegedly made by his wife, "He is going to kill you". The prosecutor objected on the basis of hearsay and was sustained. On appeal, defendant asserts this was reversible error because the statement was admissible as a res gestae statement. We agree with defendant that the statement was admissible as a res gestae statement and that it was error to exclude it. We do not agree that the error was reversible error for the reason that the same statement was twice related to the jury, once in a taped statement by defendant and once during his cross-examination.

The only persons present at the shooting were defendant, his wife, and decedent. Defendant claimed he shot in self-defense but he did not call his wife as a witness. After the defense rested and in the absence of the jury, the prosecution informed the trial judge that it had a taped statement from Mrs. Berrier in which she denied making the statement defendant said she made at the time of the shooting. The prosecutor moved the

court for permission to call Mrs. Berrier for limited rebuttal or in the alternative to play the tape.

The court found that the statement, "Look out, he's got a gun", attributed to his wife by defendant, was introduced in evidence at the insistence of the defendant. The court further found that defendant volunteered the same statement during cross-examination in violation of admonitions from the prosecuting attorney, defense counsel, and the court not to do so. The record supports these findings. The court then found that defendant had waived any privilege with respect to the particular statement allegedly made by the wife. In the absence of the jury to insure that Mrs. Berrier testified within the limitation expressed by the court, the prosecutor was required to make an offer of proof. Thereafter, in the presence of the jury and over defendant's objection, Mrs. Berrier testified that she made no statement before the shooting.

Defendant asserts that this was in violation of MCLA 600.2162; MSA 27A.2162. The limited waiver found by the trial court is supported by this record, and we find no error on this issue.

At trial, a Wayne County detective was permitted, over objection, to testify that decedent had testified against defendant at the latter's trial in Wayne County on a charge of larceny. Relying on *People v Askar,* 8 Mich App 95; 153 NW2d 888 (1967) and *People v Shaw,* 9 Mich App 558; 157 NW2d 811 (1968), defendant claims it was error for the trial court not to give immediately a *sua sponte* limiting instruction as to this testimony.

The testimony was offered and admitted as a basis for finding motive. While we doubt the application of the *Askar* doctrine in this situation, we follow *People v Albert White,* 27 Mich App 432; 183 NW2d 606 (1970).

Defendant claims reversible error because the prosecutor failed to produce all endorsed witnesses. Defendant fails to identify the witnesses allegedly not called, nor does he indicate any prejudice from their failure to testify. No objection was made at trial to the failure to produce. No error is shown.

At the original trial, defendant's motion for a mistrial was granted January 4, 1971. The jury was not brought back in the courtroom and formally discharged, but after granting the mistrial, the trial judge went to the jury room and advised the jury that they were discharged. That same afternoon a new jury was selected without objection and both sides indicated their satisfaction with the jury selected.

On appeal, defendant claims error because the first jury was not discharged in the presence of the accused and the reason for the discharge was not stated on the record. He further asserts that he neither waived nor consented to the discharge. If defendant has an issue on this point, it was not preserved for review.

With respect to defendant's contention that the evidence does not support a verdict of guilty of first-degree murder, we agree. Our review of the record does not disclose evidence which supports a reasonable inference of premeditation. However, the background of animosity and the reason therefor, the circumstances surrounding the shooting, and the fact that defendant shot decedent seven times adequately supports a finding of intentional killing, from which malice aforethought may be inferred, *People v Morrin,* 31 Mich App 301, 310; 187 NW2d 434, 438 (1971). On the basis of *Morrin,* defendant is guilty of second-degree murder.

Remanded to the trial court for entry of judg-

ment convicting defendant of second-degree murder and for resentencing on that conviction.

O'HARA, J., concurred.

BRONSON, J. *(concurring)*. Considering the entire record in this appeal, I concur in the result. Upon the issue of limiting instructions after admission of evidence pursuant to MCLA 768.27; MSA 28.1050, I am somewhat troubled by the language found in *People v Albert White,* 27 Mich App 432; 183 NW2d 606 (1970). I prefer to rest my conclusion upon section II of *People v Kelly,* 386 Mich 330, 335–337; 192 NW2d 494, 497–498 (1971), and the further analogous reasoning in *People v Guilinger,* 30 Mich App 711, 715; 186 NW2d 861, 863 (1971). I am persuaded that any alleged error on this issue was harmless. The defendant failed to object to admission of the same evidence when brought out during cross-examination of the defendant. Examination of the entire cause fails to demonstrate that the errors complained of resulted in a miscarriage of justice. MCLA 769.26; MSA 28.1096.