**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony J. BUFFA,
Defendant-Appellant.**

**No. 75–1322.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 30, 1975.

Decided Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.
Certiorari Denied April 19, 1976.
See 96 S.Ct. 1668.

---

Myles F. Gallagher, Fairview Park, Ohio, James Easly, Cleveland, Ohio, for defendant-appellant.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Michael W. Farrell, Rockville, Md., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and MILLER, Circuit Judges.

## PER CURIAM.

This is an appeal by defendant Buffa from his jury conviction for possession of counterfeit currency with intent to defraud, for fraudulently passing and uttering counterfeit currency, and for willfully and knowingly selling the currency with intent that it be passed as genuine in violation of 18 U.S.C. §§ 472 and 473.

According to testimony of Secret Service agents, Buffa was arrested when he and a confederate sold some $99,200 in counterfeit United States currency to Secret Service agents posing as buyers. Defendant offered to make the sale to the agents, called a friend who was to bring the counterfeit currency to the agents, and arranged to rent two interconnecting hotel rooms in which the transaction was to take place. When defendant's friend arrived, the agent inspected the notes without removing them from the bag in which they were carried and the transaction was completed. When he was arrested shortly after the sale, defendant admitted that he had been in the room at the time of the sale but argued that the transaction was entirely between the agent and defendant's friend.

The principal issue on this appeal is whether the court erred in the following portion of its instructions to the jury:

> While it is necessary that every essential element of the crime charged in the indictment in this case be proved by evidence beyond a reasonable doubt, it is not necessary that each subsidiary fact should be proved beyond a reasonable doubt.

Defendant contends that this instruction was confusing to the jury in that (a) it detracted from the requirement of proof beyond a reasonable doubt; and (b) because the jury, in the absence of any definition or explanation of "subsidiary fact," could not possibly have known what facts were not required to be proved beyond a reasonable doubt.

As no objection was made to this instruction, it cannot be the basis for reversal unless it was plain error. *Singer v. United States*, 380 U.S. 24, 38, 85 S.Ct. 753, 13 L.Ed.2d 630 (1965); *United States v. Griffin*, 382 F.2d 823, 828 (6th Cir. 1967). While we recognize that the challenged portion of the court's charge did not explain the meaning or purport of "subsidiary fact," thus opening up the possibility that the jury was misled or confused, we conclude, after a consideration of the remainder of the charge, that it was not plain error.

The court thoroughly and correctly enumerated and explained each element of the offenses with which the defendant was charged, emphasizing to the jurors that all elements must be proved beyond a reasonable doubt. In addition, immediately following the challenged portion of the charge, the court went on to state:

> Evidence should not be considered in fragmentary parts and as though each fact or circumstance stood apart from the others, but the entire evidence should be considered and the weight of

the evidence should be determined from the whole body of evidence.

The jury could reasonably infer that all of the *pertinent* facts in their cumulative effect established that the essential elements or ingredients of the alleged crimes existed beyond a reasonable doubt. The instruction as a whole so emphatically emphasized that the essential elements of the crimes must be proved beyond a reasonable doubt that it is hardly likely that the jury could have acted under a misconception as to the government's burden of proof.

Other courts which have considered instructions challenged on grounds of misleading statements as to the proper standard of proof in a criminal case have stressed, as we do, that the charge as a whole must convey the idea that the standard is one of proof beyond a reasonable doubt. *See United States v. Culp,* 472 F.2d 459 (8th Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692 (1973); *United States v. Smith,* 468 F.2d 381 (3d Cir. 1972); *United States v. Christy,* 444 F.2d 448 (6th Cir.), *cert. denied,* 404 U.S. 949, 92 S.Ct. 293, 30 L.Ed.2d 266 (1971); *United States v. Wright,* 365 F.2d 135(7th Cir. 1966); *United States v. Andrews,* 347 F.2d 207 (6th Cir.), *cert. denied,* 382 U.S. 956, 86 S.Ct. 431, 15 L.Ed.2d 360 (1965). These cases indicate that if the charge as a whole does amply and fully define the appropriate standard, slightly misleading statements, standing alone, or in isolation, will not constitute plain error. Courts have also shown a reluctance to find plain error when the case was not a close one and the evidence against a defendant was overwhelming, as we find the evidence to be in this case. *See United States v. Urbanis,* 490 F.2d 384 (9th Cir.), *cert. denied,* 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974). The principles laid down in these cases are applicable here and support our conclusion that there was no plain error in the district court's charge.

We have considered the other issues raised by defendant on appeal and find them to be without merit.

Accordingly, the judgment of conviction is

Affirmed.