**Harrison BERRIER, Petitioner,**

v.

**Charles E. EGELER, Warden, State Prison of Southern Michigan, at Jackson, Michigan, Respondent.**

**Civ. A. No. 6–70546.**

United States District Court, E. D. Michigan, S. D.

Nov. 22, 1976.

Arthur J. Tarnow, Detroit, Mich., for petitioner.

Frank J. Kelley, Atty. Gen. of the State of Mich., by Christine A. Derdarian, Crim. Div., Lansing, Mich., for respondent.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Harrison Berrier, an inmate at the State Prison of Southern Michigan at Jackson, Michigan, was convicted of first degree murder on January 19, 1971 in the Washtenaw County Circuit Court and later sentenced to a term of life imprisonment. On appeal the Michigan Court of Appeals held that the evidence did not support a conviction of first degree murder. *People v. Berrier,* 48 Mich.App. 454, 210 N.W.2d 506, *aff'd,* 390 Mich. 813, 212 N.W.2d 598 (1973). A conviction of second degree murder was subsequently entered and Berrier was resentenced to a term of twenty to forty years' imprisonment. Berrier then petitioned this court for a writ of habeas corpus, but this petition was dismissed in May, 1973. *Berrier v. Michigan Department of Corrections,* No. 38647 (E.D.Mich.1973).

Berrier now brings a second petition for a writ of habeas corpus, raising three new issues. He claims that his appellate counsel ineffectively assisted him because counsel failed to raise substantial issues on appeal;

that the trial judge impermissibly shifted the burden of proof on the issue of self-defense, and that the trial judge failed to instruct the jury that it could return a general verdict of not guilty. Respondent moves to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.[1]

■ In reviewing the trial judge's instructions on self-defense the court begins with the general rule that error in jury instructions is not a basis for habeas corpus relief. *Linebarger v. Oklahoma*, 404 F.2d 1092, 1095 (10th Cir. 1968), *cert. denied*, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1969); *Bustamante v. Cardwell*, 497 F.2d 556 (9th Cir. 1974); *Higgins v. Wainwright*, 424 F.2d 177, 178 (5th Cir. 1970), *cert. denied*, 400 U.S. 905, 91 S.Ct. 145, 27 L.Ed.2d 142 (1970), *reh. denied*, 400 U.S. 1002, 91 S.Ct. 463, 27 L.Ed.2d 455 (1971); *Young v. Alabama*, 443 F.2d 854 (5th Cir. 1971), *cert. denied*, 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972). Habeas corpus will be available only if the error is so serious that it denies due process to the defendant and renders the trial fundamentally unfair in a constitutional sense. *Higgins v. Wainwright*, supra; *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *DeBerry v. Wolff*, 513 F.2d 1336 (8th Cir. 1975).

■ Berrier made no objection to the trial judge's instructions at the time of trial. Normally, therefore, he would be deemed to have waived these objections. *See Ridgeway v. Hutto*, 474 F.2d 22 (8th Cir. 1973); *Naughten v. Cupp*, 476 F.2d 845 (9th Cir. 1973), *rev'd on other grounds*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). However, even in the absence of trial objection, habeas corpus relief is still available in a case of plain constitutional error. *See United States v. Buffa*, 527 F.2d 1164 (6th Cir. 1975), where the United States Court of

Appeals for the Sixth Circuit stated that an erroneous instruction may be the basis for reversal of a conviction even when no objection was made at trial, if it constituted plain error. *See also, Singer v. United States*, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *United States v. Griffin*, 382 F.2d 823, 828 (6th Cir. 1967). *Minor v. Black*, 527 F.2d 1, 4–5 (6th Cir. 1975), where the United States Court of Appeals for the Sixth Circuit held that the failure of petitioner, or his counsel, to object at trial to the admission of certain evidence cannot preclude federal habeas corpus relief in the absence of even a suggestion that such failure was a deliberate bypass of state court procedure. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Berrier's allegation is that the trial judge's instructions to the jury placed upon him the burden of proving his claim of self-defense. This, if shown, amounts to plain constitutional error and warrants the grant of a petition for a writ of habeas corpus.[2] It is well settled that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). The United States Supreme Court recently considered in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) a jury instruction which placed upon the defendant the burden of showing by a fair preponderance of the evidence, that he had acted in the heat of passion and, thus, without malice aforethought when he fatally assaulted the deceased. The court held, "the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the *absence* of the heat of passion or sudden provocation when the issue is properly presented in a homicide case." *Mullaney* at

---

1. Respondent acknowledges that Berrier has exhausted his available state remedies; a prerequisite to seeking habeas corpus relief. 28 U.S.C. § 2241.

2. *See generally,* Note: Affirmative Defenses and Due Process: The Constitutionality of Placing a Burden of Persuasion on A Criminal Defendant, 64 *Georgetown Law Journal* 871 (1976).

705, 95 S.Ct. at 1892 (emphasis added).[3] Similarly, a defendant should not have to prove the elements of self-defense. Rather, under the *Winship* standard, the government should be required to prove beyond a reasonable doubt the absence of the elements of self-defense.[4]

■ In Berrier's case the trial judge instructed the jury as to the elements of self-defense—that the defendant may not be the aggressor, that the defendant must reasonably believe that he or another under his protection is in danger of death or great bodily harm, and that there must be no way open for the defendant to retreat safely. (Transcript at 557). He then gave the correct instruction that a person in his own home need not retreat if assaulted. (Transcript at 558). The judge then went on to say:

"You are to determine from all of the evidence whether facts constituting such reasonable cause have been established and unless such facts constituting such reasonable cause have been established by the defense in this case you cannot acquit on the ground of self defense . . . ."

(Transcript at 559).

This statement implies that the defendant must prove his claim of self-defense. A short time later the trial judge made this confusing statement:

Self-defense in proper cases is the right of every person but it will not justify the taking of a human life unless the jurors shall be satisfied from the testimony first that the Defendant was not the aggressor in bringing on the difficulty, that is, that he was without fault; second, that there existed at the time of the striking of the fatal blow in his mind a present and impending necessity to strike such a blow in order to save himself from death or some great bodily harm; third, that there must have been no way open whereby he could have retreated as it appeared to him at the time to a place of safety and thus have avoided the conflict. Unless you find that all three of these facts are established in this case then the plea of self-defense fails. The burden of proof of all such matters is upon the People to show that the respondent is guilty of the offense charged and the People's testimony must be such as to satisfy the jurors that the killing was not done in self defense. The burden is not on the Defendant who makes the claim of self defense to satisfy the jury of the truth of his claim.

(Transcript at 560–561).

Here the trial judge did not instruct the jury that a person in his own home has no duty of retreat, a crucial instruction in this case since the testimony showed that the defendant was in his own home when he killed his brother-in-law. This is error under Michigan law. *People v. Lenkevich*, 394 Mich. 117, 229 N.W.2d 298 (1975). The judge then went on to imply again that the defendant must establish the elements of self-defense. This mistake is only partially rectified by his final statement relieving the defendant from the burden of satisfying the jury of his claim.

■ Jury instructions are to be judged as a whole. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *United States v. Mattucci,* 502 F.2d 883, 888–9 (6th Cir. 1974). However, instructions must not

---

3. For additional authority that the burden of proof should never shift to the defense in a criminal case, *see, Smith v. Smith,* 454 F.2d 572 (5th Cir. 1971), *cert. denied,* 409 U.S. 885, 93 S.Ct. 99, 34 L.Ed.2d 141 (1972) [alibi defense]; *Trimble v. Stynchcombe,* 481 F.2d 1175 (5th Cir. 1973) [alibi defense]; *Cool v. United States,* 409 U.S. 100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972) [exculpatory accomplice testimony]; *Dixon v. Hopper,* 407 F.Supp. 58 (M.D.Ga.1976) [alibi defense]; *Stump v. Bennett,* 398 F.2d 111 (8th Cir.), *cert. denied,* 393 U.S. 1001, 89 S.Ct.

483, 21 L.Ed.2d 466 (1968) [alibi defense]; *United States v. Ambrose,* 483 F.2d 742 (6th Cir. 1973) [entrapment]; *United States v. Sennett,* 505 F.2d 774 (7th Cir. 1974) [insanity defense]. *Contra, Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) [no constitutional right to an instruction that government must prove sanity].

4. The court notes that this is also the rule in Michigan. *People v. Stallworth,* 364 Mich. 528, 111 N.W.2d 742 (1961).

be such as to mislead the jury; they should be consistent and harmonious. *Smith v. United States,* 230 F.2d 935, 939 (6th Cir. 1956) ["The fact that one instruction is correct does not cure the error in giving another that is inconsistent with it."]. *See also United States v. Reid,* 517 F.2d 953, 965 (2d Cir. 1975); and cases cited therein.

In this case it is clear that the jury was confused when it began deliberations. After it had deliberated for a short time it asked the court to repeat the "three elements necessary to be present for a self defense decision." (Transcript at 569). The phrasing of the question indicates that the jury was approaching deliberations with the mistaken assumption that it must decide that the elements of self-defense had been established before returning a not guilty verdict. The trial judge's answer further misinformed the jury:

> Self defense is, in a proper case, a good defense and the right of every person, but it will not justify the taking of human life unless the jurors are satisfied from the testimony of all three of the following things. First, that the Defendant was without fault, second, that there existed in the Defendant's mind at the time he fired the weapon a present and impending necessity to shoot the decedent in order to save himself or a member of his family from death or some great bodily harm; and, third, that there must have been no way open whereby he could have retreated as it appeared to him at the time to a place of safety and thus have avoided the conflict.

Although the trial judge admonished the jury that this answer was to be taken in conjunction with all of the instructions (Transcript at 571), it is clear that the answer emphasized the erroneous instructions given earlier, repeating the wrong instruction on duty of retreat and again placing upon the defendant the burden of establishing his claim of self-defense. This removes any possibility that the error could be considered harmless beyond a reasonable doubt. *See Mullaney,* 421 U.S. at 705, 95 S.Ct. 1881 (Rehnquist, J., concurring);

*Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The court concludes that the trial judge's instructions on the issue of self-defense denied due process to the defendant and rendered his trial fundamentally unfair in a constitutional sense. Since this conclusion is dispositive of Berrier's petition, the court declines to consider any of his other allegations.

Accordingly, Berrier's petition for a writ of habeas corpus is granted. He should be released from custody unless he is retried within a reasonable time. An order is entered herewith.